Wash, J.,
delivered the opinion of the Court.
This was originally an action of debt commenced by Hope against Hayton before a Justice of the Peace to recover eighteen dollars, the balance of an account stated and filed with the Justice, on the 11th of September, 1830. The cause was tried before the Justice, and the defendant had verdict and judgment. On the 14th of the same month, Hope, the plaintiff below, appealed from the judgment of the Justice to the Circuit Court, wheie he obtained a judgment by default against Hayton, for the sum of twenty-seven dollars. To reverse which Hayton has come into this Court.
Various errors have been assigned and relied on by Mr. Buford for the plaintiff in error; only two of which need be now considered.
First. That the appeal on the 14th, three days after the trial before the Justice, without notice to the defendant, was illegal; and
Second. That the judgment in the Circuit Court, for twenty-seven dollars, when the plaintiff in his account filed demanded only eighteen dollars, is erroneous.
As to the first point it is provided by “ an act, establishing Justices Courts and regulating the collection of small debts,” Rev. Code, p. 473, sec. 22, that “ appeals may he taken within twenty days after the Justice has rendered judgment, &c.;” (as the law now stands he must appeal within ten days; see L. Mo., session 1826, p, 32,) and by the 23d section of the same act it is further provided, "that in all cases of appeals not prayed for on the day the trial is had, the party appealing shall notify in writing, the opposite party or his agent,” &c.
*40 In the case before the Courts the appeal was not taken on the day of trial, hut three days thereafter, and the defendant was clearly entitled to notice in the wanner prescribed in the act.
As to the second point it has been decided by this Court, (1st vol. Mo. R., p. 137 5 Carr & Co. v. Edwards,) that a judgment for greater damages than the plaintiff has claimed is erroneous, and may for that error be reversed. Such was clearly the common law on the subject.
In proceedings before a Justice of the Peace, the bond, note, account, or statement filed with the Justice, is, as to this purpose, to be regarded as the plaintiff’s declaration or count. On both of these points, therefore, the judgment of the Circuit Court is erroneous and must be reversed, and the cause remanded?