JAMES CALLAWAY, Respondent, *v.* WILLIAM A. FASH, Appellant.

1. *United States patent—Proof of record.*—A United States patent for military bounty land may be shown in evidence without proof that the same was recorded in the land department, or memorandum of such record.
2. *Conveyances — Evidence — Variance.* — The fact that the grantor in a deed is described as John Nichols, and that the instrument is signed by John Nichols, Junior, will not render it inadmissible.
3. *Ejectment — Outstanding title, proof of.* — It is sufficient for defendant in ejectment to show title in another, without establishing his own.
4. *Conveyance by heirs, effect of, against that of ancestor.* — Upon the death of the owner of land, a conveyance thereof by his heirs to an innocent purchaser for value will carry the title as against an unrecorded conveyance of the deceased owner.
5. *Conveyances — Acknowledgment — What defective.* — An acknowledgment purporting to be made before a clerk of a foreign city, and which fails to state that the grantor was known to the officer granting the certificate to be the person whose name was subscribed to the instrument as a party thereto, is bad.
6. *Instructions — Statement of facts in, etc.* — Where instructions taken as a whole present the facts properly to the jury, they should be given.

*Appeal from Ray Circuit Court.*

*Green & Swan*, for appellant.

*Ray & Ray*, for respondent.

BLISS, Judge, delivered the opinion of the court.

In bringing his action for the recovery of real estate, the plaintiff relied, first, upon a United States patent for military bounty issued June 12, 1819, to John Nichols, a private. When offered in evidence the patent was objected to because it was not shown to have been recorded in the land department, nor was the usual memorandum of the fact of record legible. The United States

statute requires that all patents for lands shall be recorded before they are issued; but, when issued, they must be received as evidence of title, without showing such record.

The usual memorandum is no part of the patent and is not essential to its validity, for I find no statute either requiring it to be made, or making it or the record itself a condition precedent to the validity of the instrument.

The plaintiff next offered a certified transcript from the records of Ray county, of a deed from John Nichols to Winburn Summerlin, executed March 15, 1822, and recorded in October of that year. The preliminary proof was made, and I can see no ground for the objection made to the transcript. The fact that the grantor is described in the deed as John Nichols, though signing as "John Nichols, Jr.," may raise a question of identity, but cannot exclude the instrument.

The heirs of Summerlin conveyed to plaintiff, and the regularity of the conveyance is not disputed. The original patent and the Summerlin deed were put upon record in 1857 and '58, and the plaintiff also exhibited deed from the heirs of Nichols, dated in 1858, and then recorded, giving as a reason for obtaining them that he did not then know that the last deed from Nichols to Summerlin had been recorded.

The defendant also claims from John Nichols, and first exhibits a United States patent for the same land, of the same date, and both issued to John Nichols, a private of the same company. The seals and signatures of both patents are genuine, and it is evident that one of them must have been forged by changes in the name of the patentee, or in some of the numbers in the description of the land, or in both.

In anticipation of this evidence, and to show that the patent under which he claims was the genuine one, the plaintiff had offered to show, among other things, that the John Nichols who held the same was the soldier who served for the land in Wood's company; that he was the same person who conveyed to Summerlin, and that his father, of the same name, was never in the service; also that the patent exhibited by him was handed over by the patentee to Summerlin at the time of his conveyance, and by

the Summerlin heirs was passed to plaintiff when he purchased of them.

Defendant first showed a deed from John Nichols to one Kerr, dated November 13, 1820, and recorded August, 1866 ; therefore he failed to connect himself with it except by incompetent evidence, which was excluded. This connection, however, was not necessary, as it is sufficient for one in possession to show title in others without establishing his own.

Defendant also exhibited copy of a record of a deed from Winburn Summerlin to one Collins, purporting to have been executed in 1836 and recorded in 1866, which was admitted in evidence, but afterwards excluded upon the ground that the defendant had failed to trace his own title to it. This reason was unsound. If Summerlin during his life had conveyed the land to Collins, his heirs had nothing to convey to the plaintiff, and he could acquire no title except under the registration act. If he bought without notice, although of the heirs, and first placed his deed upon record, it would prevail over the deed of the ancestor (46 Mo. 239) ; but the question of notice is one for the jury, and the instrument should not be excluded, either for that reason or for the one given in the record. Still the transcript or copy of the deed was properly excluded, although not for the above reasons. It was defectively acknowledged, and hence improperly registered ; and a mere transcript of such registry, without other proof, should not have been received. It purported to be acknowledged before a clerk of a foreign city, an office not known to the statute, and the certificate does not state that the grantor was known to the officer granting the certificate to be the person whose name was subscribed to the instrument as a party thereto. It should be noted that this registration was made after the act of 1847, reenacted in 1855, which made valid all *previous* registrations, although the instrument had not been properly acknowledged, and also that no evidence was offered showing that the instrument was acknowledged " according to the laws and usages of the place where executed." (Wagn. Stat. 278, §§ 35, 36.)

A copy from an authorized record may be received with other evidence to show the contents of a lost instrument (Briggs v. Hen-

derson, 49 Mo. 53); but this transcript was not sustained by any evidence except that the original could not be found, and it was offered under the statute.

Defendant offered other evidence which was properly excluded. One witness testified that he once saw a certain deed, but no copy was given, no proof of execution or legal acknowledgment or of proper custody. The reception of such evidence would wholly nullify the requirements of the law in relation to conveyances and open a wide door to frauds. A book called a "Patent Book of the State of Illinois," published by the house of representatives, was also offered to show that there were two or three John Nichols in North Carolina who drew patents, and that the distinction of Jr. and Sr. was kept up and applied to patents. This evidence was properly excluded. Both patents were issued to John Nichols, with no addition to the name. A deed was made by John Nichols to Summerlin, which was properly acknowledged and recorded at the time. It was shown that the Nichols who made the deed was the one who served for the land; that the patent exhibited by plaintiff was in his custody, was transferred with his deed to Summerlin, and by his heirs to the plaintiff. If the jury found the identity to be established, it does not matter that there were other John Nichols in the State, and evidence of that fact would not tend to show that this one did not receive the patent and execute the conveyance. Upon the question of identity it would have been competent to have shown a duly authenticated copy of the muster-roll of the military company described in the patent, to see whether it contained more than one John Nichols, and a public document of either house of Congress giving such muster-roll would be competent evidence under the statute. (Wagn. Stat. 591, § 7.) But evidence that there was more than one such person in the State who drew bounty lands in Illinois would be too remote even if properly established, and it was not shown that the book contained the muster-rolls of the proper company.

All the instructions asked by defendant were given, but special exceptions were taken to the first given in behalf of the plaintiff. Alone it would have been erroneous. It directed a verdict upon

a supposed state of facts claimed to have been established by the plaintiff, without referring to the deed from Nichols to Kerr. If this deed was genuine, and Summerlin or the plaintiff had proper notice of it before they severally purchased, no title could be traced to Nichols' second deed, and instructions ignoring it would be fatally defective. But I find other instructions in regard to this second deed which give the law correctly, and which are so connected with the first that the jury could not have been misled. A careful examination of the record satisfies me that no substantial error was committed, and that the true issues were submitted to the jury.

The other judges concurring, the judgment will be affirmed.