H. B. CLAFLIN *et al.* v. VICTOR SOMMERS, Defendant, and FERDINAND BAKROW, Interpleader, Respondent.

St. Louis Court of Appeals, February 18, 1890.

1.  **Pleading:** ISSUE OF FRAUD UNDER GENERAL DENIAL. When an' interplea in an attachment suit avers a transfer of the property in question by the attachment defendant to the interpleader prior to the levy thereon, a general denial is insufficient to present the claim that the transfer was fraudulent as to the creditors of the attachment defendant.

2.  **Practice, Appellate:** EXCLUSION OF CUMULATIVE EVIDENCE. The exclusion of evidence is not ground for reversal, when it is merely cumulative, and only tends to establish a fact conceded by the party against whom it is offered.

3. **Evidence**: COMPETENCY OF DECLARATIONS OF ASSIGNOR. The declaration of the assignor of an account, made after the assignment of the account, and to the effect that he was entitled to collect it, is not competent evidence against the assignee of the account in a proceeding between the assignee and creditors of the assignor involving the *bona fides* of the assignment; and this is so, though the assignor, at the time of the declaration, have in his possession a copy of the account.

4. **Practice, Trial:** INSTRUCTIONS. The refusal of an instruction is not error, when the hypothesis embodied in it is submitted to the jury in another instruction given by the court.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Frank Dawson & Garvin*, for the appellants.

*James R. Vaughan*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs sued the defendant by attachment, and upon the writ of attachment garnished a number of parties, as debtors on open account of the attachment defendant. Bakrow filed an interplea claiming that the accounts owing by the persons garnished had accrued in favor of Sommers, and had been sold, assigned and transferred by Sommers to himself for a valuable consideration prior to the garnishment of the debtors, who owed the accounts. The plaintiffs filed an answer to the interplea containing a general denial only. Upon a trial had of the issues made by the interplea and answer, the interpleader recovered judgment, from which the plaintiffs prosecute this appeal.

The errors are that the court rejected legal evidence offered by the plaintiffs, and erred in its instructions to the jury.

The question which arises in the consideration of the first assignment of error is whether, under the

pleadings as framed, the inquiry whether the transfer of the accounts to Bakrow was in fraud of the creditors of Sommers was permissible, the answer as above seen being only a general denial without any special averment of fraud. We think this question should be decided in the negative. Interpleader proceedings, under the statute in garnishment cases, are peculiar. The interpleader maintains two positions. First, that he has a right of action against the parties garnished, and, next, that his right of action is superior to that of plaintiffs. No judgment except for costs is contemplated between the parties interpleading, but the order or judgment, as the case may be, is rendered for or against the parties garnished. R. S. 1879, secs. 2525 and 2526. We have decided in *Stern Auction and Commission Company v. Mason,* 16 Mo. App. 473, following *Young v. Glascock,* 79 Mo. 574, that, in replevin cases, any proof which goes to show that the plaintiff, at the date of the institution of the suit, was not the actual owner and not entitled to the possession of the property, is admissible under the general issue, even though it extend to the proof of fraud in the acquisition of the plaintiffs' title. The doctrine thus announced was contrary to the earlier decisions in this state, which maintained that it was incumbent on a party alleging fraud in a transaction both to allege and prove it. In the subsequent case of *Cummiskey v. Williams,* 20 Mo. App. 610, we declined to extend the doctrine so as to admit, under the general issue, proof of the illegality of the contract in a suit upon the contract, and between the parties contracting.

Now, in the case at bar, evidence of the fact that the transfer was in fraud of plaintiffs' creditors in no way tends to show that the interpleader never had any cause of action against the garnishees, against whom he seeks to recover judgment in this proceeding. If the accounts were owing to Sommers, and he assigned them in fact to Bakrow, the latter's cause of action

against the debtors is complete, regardless of the fact whether the transfer was in fraud of Sommers' creditors or not. Hence, we think that the case is one wherein evidence of fraud was not admissible under the general issue, if properly objected to.

The plaintiffs, however, contend that, assuming such to be the law, yet, as the whole case was tried throughout on the theory that the issue of fraud was in the case, the omission to set it up by plea was waived. This position is not very logical. If the whole case was tried throughout on the theory that the issue of fraud was in the case, then the rulings of the court would be in conformity with that view and the plaintiffs would have no complaint that evidence relevant to that issue was excluded. If, on the other hand, the court ruled out evidence which was relevant to the issue of fraud, it would tend to show that the court did not consider that issue properly raised by the pleadings. The difficulty lies in the fact that the court both admitted and excluded evidence which was relevant to the issue of fraud, and as the objections to evidence excluded were of the most general character, the record nowhere discloses whether the court, in its rulings upon the evidence, considered that issue in or out.

An examination of the record, however, discloses the fact that the evidence excluded was in almost every instance of a cumulative character. The fact that the interpleader knew that Sommers, his assignor, was in failing circumstances when he transferred these accounts to him, appeared by the interpleader's own evidence; hence, other evidence showing the insolvency of Sommers, and notice to the interpleader by the notoriety of the fact, was immaterial and unnecessary. Since the interpleader himself admitted that he requested Sommers to collect some of these accounts after they were transferred to him, on his, the interpleader's, account, the mere fact that Sommers tried to collect them after that date was likewise immaterial.

The rule which applies to personal property, that one, who is in its possession, may, by his declarations as to the character in which he holds it, make evidence admissible both against himself and his grantee, is invoked by the plaintiffs for the purpose of showing that certain declarations of Sommers, made after the attachment, that he was entitled to collect these accounts, were erroneously ruled out. That argument rests on a misapprehension of the rule and its application. The possessor of property, nothing more appearing, is presumed by law to be the owner of it. Now, if he will, against his interest and against the presumption of law, make declarations or admissions, that he is *not* the owner, those declarations are *against* his interest and will be admissible against him (*Cavin v. Smith*, 21 Mo. 445) or against one claiming under him by subsequent transfer. *Burgess v. Quimby*, 21 Mo. 508; *Darrett v. Donnelly*, 38 Mo. 494. But we fail to see the application of the principle to a case where the declaration is made *in aid* of the presumption, nor can we see how such a rule of evidence can be made applicable to the possession of a paper containing an account, since the paper itself is only symbolical evidence of property, and not property in the sense in which its possession would indicate ownership of a chattel, and since the account itself may be evidenced by a number of multiplied copies.

We are satisfied that the court committed no error in its rulings on the evidence,

The plaintiffs complain that the court erred in refusing to give the following instruction requested by them :·

"If you believe from the evidence that the assignment of the accounts to Bakrow was made after the garnishment was served on the parties owing the accounts, you will find the issues for the plaintiff." But the court did give, upon the interpleader's request, the following instruction :

"In order to find the issues for the interpleader Bakrow you must believe from the evidence that he became the owner of the accounts in question by purchase of the same for value from Victor Sommers before the persons owing the accounts were summoned as garnishees in the principal suit of H. B. Claflin & Co. against said Sommers, and the burden is upon said Bakrow to prove said facts, by the weight of the evidence in the case, before you can find the issues for him."

The instruction thus given covered all that was contained in plaintiffs' instruction refused, and in fact more, because it required the jury to find a purchase for value, and to make such finding upon a preponderance of evidence on the part of the interpleader.

Other instructions asked by the plaintiffs announced incorrect propositions of law, and were properly refused. Nor is there any merit in the objection that the fourth instruction given on behalf of the interpleader was erroneous, because it permitted the jury to find for the interpleader whether the transfer to Bakrow was a new purchase or in payment of an antecedent debt. There was absolutely no evidence whatever in the case, from which the jury could even infer that the purchase was made for any other value than the payment of an antecedent debt; hence, the word "buy," as used in the instruction, could not possibly have misled them.

Finding no error in the record, we must affirm the judgment. So ordered. All concur.