Carter v. Shotwell.

A. H. CARTER, Defendant in Error, v. JOHN W. SHOTWELL, Plaintiff in Error.

### St. Louis Court of Appeals, December 23, 1890.

1. **Pleadings:** SUFFICIENCY OF PRAYER OF PETITION. In an action at law, the plaintiff is limited to the damages claimed in his petition, which he must state at a definite sum, and a judgment in excess of that sum is erroneous. And it is questionable whether a verdict for a fixed amount can be sustained in such an action, when the prayer of the petition is for " judgment for $——," and there is nothing in the petition showing definitely the amount of the plaintiff's claim.

2. **Estoppel:** SALE UNDER EXECUTION. An execution debtor is estopped from denying the validity of a sale under the execution, if he consented to the sale, urged the purchaser thereat to buy, and received the benefit thereof.

3. **Fraudulent Sale Under Execution:** RIGHT OF PARTY THERETO TO AVOID IT. If the property of an insolvent debtor be, with his consent and privity, levied upon, and sold under an execution against him, and bid in by a third person, under a prearrangement that he (the debtor) shall receive the net proceeds in excess of outlays therefor, and, if this be done for the purpose of thereby preventing his creditors from subjecting the property to the payment of their claims, an action for such excess will not lie, on his part, against the purchaser.

4. **Pleading:** FRAUD. *Quære,* whether evidence that an agreement was made in fraud of creditors is admissible, when the petition alleges the making of the agreement, and seeks the enforcement thereof, and the answer consists of a general denial.

*Error to the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*D. A. Ball* and *J. D. Hostetter,* for plaintiff in error.

*Robinson & Farrell,* for defendant in error.

ROMBAUER, P. J.—This is an action arising out of the same transaction which gave rise to the replevin suit of *Shotwell v. Munroe, post*, p. 669, decided simultaneously herewith. As far as the evidence in the two cases is identical, it will not be reiterated here. Additional testimony offered in this case, and which has any connection with the errors complained of, will be briefly noticed.

The petition is peculiar. It states that Haden recovered a judgment for six hundred and eighty-six dollars and eighty-one cents against the plaintiff, and that such judgment was thereupon satisfied in full; that, thereafter, Haden caused an execution to be issued on that judgment, and caused it to be levied on plaintiff's horses; that, prior to the sale of the horses under that execution, the plaintiff agreed with six persons, of whom the sheriff was one, and the defendant was another, that they should buy in the horses at the sheriff's sale, keep them, and sell them for the plaintiff, and under his direction, and account to him for the net profits, after deducting the money paid on the purchase, expenses on sale and a reasonable compensation to themselves; that, under this agreement, the plaintiff's horses were sold, and bid in by the defendant, who, thereafter, sold one of them, "Fox Hunter," for a thousand dollars, with which he repaid six hundred and sixty dollars, the amount of the execution sale, but converted the residue to his own use; that the horses were sold at the sheriff's sale for one-third of their value; that plaintiff could have prevented the sale, but did not do so on account of the above agreement. The petition concludes as follows: "The plaintiff requested said Shotwell to pay him the balance of said money, and to deliver him the possession of the remainder of the horses, but said defendant refused to do so, and claimed to be absolute owner of the property.

"And plaintiff prays judgment for the sum of $——, being balance of the proceeds of the sale of 'Fox

Hunter,' and interest thereon, and for possession of the other horses, and for such other and further relief as to the court may seem proper and right.''

The answer denied generally the allegations of the petition, and then set up that the defendant bought the horses at the execution sale for his own use, and not the plaintiff's; that, in November, 1887, he sold "Fox Hunter" for nine hundred and ninety dollars, and, afterwards, a bay mare for seventy-five dollars, and a colt for forty-two dollars and fifty cents; that he still keeps one horse, "Don," and holds him for sale at one hundred and fifty dollars. The answer denies that any great profit has been made by the defendant, and states that the cost of keeping the stock, the feed, the extra care and attention given to the same, together with the original investment, with ten per cent. interest thereon, will nearly equal the amount realized from the sale.

There was a trial by jury, and a verdict for plaintiff for four hundred dollars, under the following instruction, given by the court on the measure of damages:

"2. If the jury find for plaintiff, they will allow him the difference between the amount paid at the sheriff's sale, and interest thereon up to the time of the sale of 'Fox Hunter,' and reasonable compensation for keeping the horses up to the time plaintiff demanded settlement of defendant (if he made such demand) added thereto, and the price received for 'Fox Hunter,' with the value of the two mares added thereto, and to this difference add interest, at the rate of six per cent. per annum, from the date of such demand of settlement.''

The defendant, in his motion for new trial, claims that the damages are excessive, and complains of erroneous instructions given for plaintiff.

We are of opinion that it is questionable whether this judgment can stand under the pleadings. It is a well-settled rule of civil procedure that the plaintiff is limited in his recovery to the damages claimed in his petition, which he must state at a definite sum, and

that a judgment in excess of that sum is erroneous. *Maupin v. Triplett*, 5 Mo. 422; *Moore v. Dixon*, 50 Mo. 424. Here the petition prays judgment for $——, which means nothing. The petition also prays for the *possession* of the other horses, but the verdict and judgment grant no such relief; nor does the verdict and judgment make any disposition, whatever, of the stallion, "Don,"—in fact it is not conceivable how the jury, under the instruction above set out, could have made any disposition of it. It appeared, in evidence, that "Don" had been recovered from the defendant by a third party in an action of replevin. Nor does the plaintiff, in his petition, state the cost of keeping any of said horses, or their value, or the value of a reasonable compensation to the defendant. We doubt whether, on such pleadings, a case can be intelligently tried, or lead to an intelligent result, in conformity with essential requisites of legal proceedings. It does not appear whether the plaintiff's action was intended to be one at law or in equity. The prayer for further relief seems to indicate the latter, but the petition neither states an account nor prays for one; hence, it is defective, even as a bill in equity.

If the plaintiff's claim, as to the nature of the contract between himself and the defendant, is found to be true, and the contract is otherwise valid, he is entitled to recover from the defendant the amount realized by him from the sale of "Fox Hunter," less the amount paid at execution sale, with interest to date of the sale of the stallion, and less the cost of the keep and reasonable compensation for all the horses up to the date of the demand, and, in addition thereto, the value of the other horses at date of demand with interest on such value. But, in order to entitle him to such recovery, he ought to frame his petition at law as for a conversion, and ask for a money judgment in a sum certain. If the defendant's claim, as to the nature of the contract, preceding the sheriff's sale, is found to be true, the plaintiff is entitled to recover nothing.

Other errors complained of are the admission of incompetent evidence, and the misdirection of the jury. The court, against the defendant's objection, permitted the plaintiff to read the original execution in favor of Haden and the sheriff's return thereon. This was clearly irrelevant for any purpose in the case, and its admission had only a tendency to confound the jury. The only purpose for which it could have been offered was that it had a tendency to show that that execution was paid, and, therefore, the *alias* execution, on which the horses were sold, was unauthorized. How this can, in any way, affect the defendant's rights is inconceivable. The plaintiff consented to the sale, urged the defendant to buy at the sale, received the benefit of the sale, and is, on every principle, estopped from questioning its validity. *Austin v. Loring*, 63 Mo. 19.

The defendant asked the following instruction among others:

"9. The court instructs the jury that, if they believe, from the evidence in the case, that Carter consented to the execution sale and the purchase of the stock in question by the defendant and his five associates, and that he further consented and allowed the defendant and his five associates to take possession of said stock and assume ownership over them, with the purpose or design of preventing his other creditors from subjecting the same to the payment of their debts, then he cannot recover in this case, although you may believe that there was a positive agreement on the part of Shotwell to buy said property in for Carter's benefit."

This instruction was refused, and the defendant excepted. The plaintiff contends that it was properly refused for two reasons: *First*, because there was no evidence to support it, and, *next*, because the issue of fraud was not raised by the pleadings. There was evidence that the plaintiff, at the date of the execution sale, was financially embarrassed, if not wholly insolvent.

That evidence in connection with the manifest design of the entire agreement, according to the plaintiff's version, was sufficient to warrant the submission of the question of fraud to the jury. On the proposition, whether fraud may be given in evidence under a general denial, the authorities in this state are not agreed. *Greenway v. James*, 34 Mo. 326; *Young v. Glascock*, 79 Mo. 577; *Stern Auction Co. v. Mason*, 16 Mo. App. 473; and *Higgins v. Cartwright*, 25 Mo. App. 609, seem to hold that it may be given in evidence, while in *Commiskey v. Williams*, 20 Mo. App. 606, the proposition is doubted. See, also, *Claflin v. Sommers*, 39 Mo. App. 419. The cases of *Northrup v. Ins. Co.*, 47 Mo. 435, and *Kersey v. Garlon*, 77 Mo. 945, which are relied on by the plaintiff, merely hold that "whenever a defendant intends to rest his defense upon any fact, which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out." In the case at bar it was essential to plaintiff's right of recovery that the agreement relied on should not have been made in fraud of creditors, and, while the agreement is presumed to have been made in good faith, in absence of evidence to the contrary, it is certainly not clear on the authorities, whether evidence to the contrary is not admissible under the general issue.

It is the better rule that, where fraud is relied on as a defense, it should be specially pleaded, but, as evidence challenging the good faith of the agreement was admitted in this case without objection, we think the defendant was entitled to the instruction. The correctness of the legal proposition involved in it is not disputed by the defendant in error.

In other respects we see no error in the instructions of the court. The judgment will be reversed, and the cause remanded. Judge Thompson concurs; Judge Biggs does not participate in the decision.