GEORGE W. REED, Respondent, v. W. S. CRANE, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. **Vendor and Vendee: PETITION: OPTION: STATUTE OF FRAUDS: DEMURRER.**   A petition to recover the price agreed to be given for the sale to defendant of an option on certain lands did not show that the option was void under the statute of frauds, and on demurrer it must be assumed that it was legal.

Reed v. Crane.

2. ———: SALE OF OPTION: CONSIDERATION.   The transfer by one to another of the former's rights under an option to buy certain real estate is a sufficient consideration to support an agreement to pay for such transfer.

3. ———: PETITION: DEFECTS CURED BY VERDICT.   A petition, seeking to recover the agreed price for an option to purchase certain real estate should allege that the option permitted the transfer or that the maker of the option had recognized the substitution of parties or that the defendant purchased thereunder or renewed the same or that the option facilitated defendant's purchase and that he thereby received a substantial benefit from the transfer of the option to him; but the failure to make such allegations is cured by a verdict; and an allegation that the defendant made a sale of the land at the price named, taken in connection with other allegations in the petition summarized in the opinion, is held to fix defendant's liability.

4. ———: SALE OF OPTION: EVIDENCE: ADMISSION.   On the trial of a case, seeking to recover an agreed price for the transfer of an option to sell certain real estate, the plaintiff makes out his prima facie case when he introduces the contract between himself and the defendant for the transfer of the option, which refers to the option, since the defendant by signing the contract admitted the existence of the option.

5. ———: ———: CONSIDERATION: EVIDENCE.   Where the makers of an option can convey no title to the lands involved, the option would be inoperative and there would be no consideration to support the agreement of the buyer of the option to pay the seller of it the agreed price; but on the evidence in this case it appears the land was conveyed and the plaintiff was entitled to recover.

6. ———: ———: LIFE OF: COMPLETION OF CONVEYANCE. *Held,* although the deeds for the land were not made during the life of the option, still as all the negotiations were made by defendant under said option, such fact can not defeat the plaintiff's recovery, as defendant completed the transaction and secured the advantages of the option.

7. **Damages:** TRIAL AND APPELLATE PRACTICE: EXCESSIVE RECOVERY.   A recovery is limited to the damages laid in the petition, and a judgment in excess thereof is erroneous, but the appellate court may permit the plaintiff to remit the excess.

Reed v. Crane.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED *nisi.*

*S. H. Claycomb, J. T. Baker* and *Fry & Clay* for appellant.

(1)   The petition did not state a cause of action.   To state a cause of action it was necessary that the petition show that the plaintiff had such a right.   "A man can not grant that which he hath not actually or potentially at the time of the grant."   Wilson v. Wilson, 11 Am. Rep. 522; Benj. on Sales, sec. 50; Bishop on Cont., sec. 587; Hatten v. Randall, 48 Mo. App. 203; Schlanker v. Smith, 27 Mo. App. 522; Morris v. White, 83 Mo. App. 194; Beatie v. Coal Co., 56 Mo. App. 221; 1 Beach on Cont., secs. 222, 223, 224; Rutledge v. Railroad, 110 Mo. 318; Soap Co. v. Sayers, 51 Mo. App. 314; Burks v. Stam, 65 Mo. App. 455.   (2)   The petition alleged plaintiff had an option on certain lands and the right to make a sale thereunder was the consideration for defendant agreeing to pay $1,000.   While it was not necessary to allege the option was in writing, such as would make it a valid option, yet it was necessary to prove it was in writing and otherwise a valid one.   Plaintiff offered no option whatever.   R. S. 1899, sec. 3418; Van Idour v. Nelson, 60 Mo. App. 527; Bernhardt v. Walls, 29 Mo. App. 207; Richardson v. George, 34 Mo. 104. It was also necessary to prove that those who gave the option had the power to do so.   Jones v. Shaver, 6 Mo. 642; Van Idour v. Nelson, supra; Kratz v. Stocke, 42 Mo. 358.   (3) The uncontradicted evidence was that trustees had no such power.   What was the consideration for defendant agreeing to pay $1,000?   It was that he should have the "right to

make a sale of said land;" the option gave no such right. There was therefore absolutely no consideration for the contract and defendant can not be held liable. Jones v. Shaver, supra; Wright v. Vetter, 54 Mo. App. 384; Lingenfelder v. Brewing Co., 103 Mo. 593; Lewis v. Ins. Co., 61 Mo. 534; Haynes v. Church, 88 Mo. 285; Haynes v. Baptist Church, 12 Mo. App. 536. (4) The contract expressly stipulated that plaintiff had an option to purchase certain lands and that defendant was to have the "right to make a sale of them under said option." As a condition precedent to plaintiff's recovery he must show full compliance with his part of the contract; that is, show that he did have a valid option upon said land and that he gave defendant a valid right to make a sale thereof. This he did not do. Craycroft v. Walker, 26 Mo. App. 469; Shouse v. Neiswaanger, 18 Mo. App. 236; Brinkerhoff v. Elliott, 43 Mo. App. 185; Monks v. Miller, 13 Mo. App. 363; Davis v. Smith, 15 Mo. 467; Fairbanks v. De Lissa, 36 Mo. App. 711; Beatie v. Coal Co., 56 Mo. App. 221; Doyle v. Turpin, 57 Mo. App. 84; McCullough v. Baker, 47 Mo. 401; Kelly v. Rowane, 33 Mo. App. 440; Ehrlich v. Ins. Co., 88 Mo. 249. (5) The trustees (as they called themselves) had absolutely no power to give an option upon, or convey title to said land. All deeds introduced in evidence show heirs deeded land individually and receive money individually therefor, proving conclusively that trustees were acting without authority. 3 Mo. App. Rep., No. 12, p. 515; Berch v. Sander, 37 Mo. 104; Railroad v. Levy, 17 Mo. App. 501; Owen v. Rector, 44 Mo. 389; Fruin v. Railroad, 89 Mo. 397; Glasscock v. Minor, 11 Mo. 655; Dunn v. White, 63 Mo. 181; Florida v. Morrison, 44 Mo. App. 529. (6) The court erred in overruling demurrer at the close of plaintiff's evidence. There was no evidence offered proving defendant's liability,

and in such a case a demurrer should be sustained.      Smith v. Railroad, 37 Mo. 287.

· *Howard Gray* for respondent.

(1)      The consideration existed and was shown by the evidence when the appellant could not acquire the right to sell the property from the owners so long as the option of the plaintiff was in existence.      Lancaster v. Elliot, 55 Mo. App. 249.      (2)      The statute of frauds has nothing to do with this case.      Kratz v. Stocke, 42 Mo. 351.      (3)      It is admitted by the appellant that the trustees, at the time they gave the option to the plaintiff, were part owners of the property, and that no title could be made without a conveyance from ·them, and that they agreed to make such a title and did make a title at their own expense, and that the defendant made more than fifteen thousand dollars out of the transaction, and the fact that at the time the contract was entered into, the trustees could not, without others joining with them, convey a perfect title to the real estate, is no defense.      Lockwood v. Railroad, 65 Mo. 233.      (4)      It is admitted that the plaintiff had a contract with the trustees, and if he had found a purchaser for the property, and they failed to make a title, they would have been liable to him.      The contract sued on expressly provides that the plaintiff shall not be liable, in case the trustees can not make this title, and it shows on its face that the situation of the parties and the title were fully taken into consideration at the time this contract was made.      (5)      The statement made by the appellant that the trustees could make no title and that the consideration for the contract failed on this account, is not borne out by the evidence.      (6)      The objection is now made for the first time in this court that too much interest has been allowed in the judgment.      No such an objection was raised in the trial court.

SMITH, P. J.—The petition alleged that plaintiff and one Cook had an option dated April 5, 1899, from the trustees of the estate of George C. Kost, deceased, to purchase certain real property (describing it); that afterwards, on the twenty-fifth day of said month, defendant, in consideration of an agreement by plaintiff that he (defendant) might make sale of said land during the life of his said option and of the surrender of said option to him, agreed that he would pay plaintiff one thousand dollars if said property was sold under said option, or if said option was renewed, or if he directly or indirectly sold said land; that in pursuance of said agreement plaintiff surrendered said option to defendant, and that the latter afterwards sold said land at the price of at least one hundred dollars per acre, etc. To this petition the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action.

The word "option," as used in the plaintiff's pleading, means no more than that the plaintiff had secured from the trustees the right to purchase said real estate at a specified price within the time stipulated. It appears that the defendant was himself a real estate dealer and was anxious to procure the right to sell said lands, but was unable to do so on account of the plaintiff's option. It is not alleged whether the plaintiff's option was verbal or in writing, but, whether evidenced the one way or the other, it was not illegal—and though verbal, it was not absolutely void. Kratz v. Stocke, 42 Mo. 351; Barker v. Scudder, 56 Mo. 275. As there is nothing in the petition showing that the option contract was absolutely void under the statute of frauds, we must assume that it was legal.

The transfer by the plaintiff to the defendant of his rights under such contract constituted a sufficient consideration to support the agreement to pay the thousand dollars. German v. Gilbert, 83 Mo. App. loc. cit. 416.

No doubt it was necessary that the petition, by proper allegations, show that plaintiff's option contract was broad enough to authorize a substitution of the defendant therein, or that the trustees or heirs of such estate recognized the substitution of defendant, or that defendant purchased thereunder, or renewed the same, or that said contract was the basis of such negotiations as enabled defendant to directly or indirectly purchase and sell said real estate and that he thereby received a substantial benefit from said contract so transferred to him. But if such an allegation is omitted from the petition, and in consequence thereof it is defective, the defect is cured after verdict under the ninth subdivision of section 672, Revised Statutes 1899. The allegation that the defendant made a sale of said land at the price named, when taken in connection with the other allegations of the petition is, in our opinion, sufficient to disclose the defendant's liability.

The defendant objects that the plaintiff did not offer proof of the option contract alleged in his petition; but in this he is mistaken, for the contract between plaintiff and defendant put in evidence and on which the petition counts, sets forth as a fact the existence of such contract. The defendant by signing that contract admitted the existence of the plaintiff's option. The plaintiff to make out his prima facie case was required to do no more than introduce the contract entered into between him and defendant, referred to in his petition, followed with evidence tending to show a conveyance to the latter of the title to said real estate, of which George C. Kost died seized, and a subsequent sale thereof by him at a price of not less than one hundred dollars per acre.

If the Kost estate had no title, or, which is the same thing, if neither the trustees nor the devisees under the will had any title and in consequence thereof could not convey said lands, then the option would have been inoperative and there

Reed v. Crane.

would have been no consideration to uphold the defendant's agreement to pay the one thousand dollars for the transfer of such option. Kratz v. Stocke, supra. But it appears that the trustees and devisees did have title and did convey it to plaintiff which was alike acceptable to him and his grantee. The facts as disclosed by the evidence, we think, show that the plaintiff was entitled to recover.

It appears that Geo. C. Kost by his will authorized the trustees therein named to sell certain real estate during the year 1900 for one hundred dollars per acre. The plaintiff and Cook entered into an option contract with said trustees to purchase said land within thirty-five days after the date of such contract. The defendant no doubt being aware of the provision of said will relating to the sale of said land, had offered the same for sale to Dr. Parish who was disposed to favorably consider defendant's offer. At this juncture the defendant applied to the said trustees for an option to purchase, which they refused to grant for the reason that they had previously granted an option to plaintiff and Cook. The defendant in view of this could go no further in his negotiation with Dr. Parish unless he could get the plaintiff and Cook out of the way; and to accomplish that he entered into the contract sued on.

It appears that there was some disagreement among the devisees under the will as to the matter of the sale by the trustees. It resulted that each of the heirs should directly convey their several interests and receive the purchase money therefor. The title of two of the owners of said real estate was in minors and for their interest the trustees made a deed which was accepted by defendant. The other nine interests were conveyed by a joint deed of the devisees to defendant. It is true that none of these deeds were executed within the thirty-five days required by the option, but they were made

for the same consideration.   Nor were all the interests con-
veyed by the trustees, but this, we think, is of no consequence.
The defendant's object in buying the plaintiff's right was to
get him out of the way so that he could, without interference
or opposition, carry on negotiations for the purchase and sale
of said real estate to himself.   He thought, as expressed in
the contract sued on, "that he had a purchaser and could sell
the same."   And it appears that during the life of the said
option he made a sale of said land to Dr. Parish, but the deed
evidencing such sale was not executed until later.   As soon as
defendant secured a conveyance of all the interests of the Kost
heirs to himself he proceeded to carry out the executory con-
tract with Dr. Parish by making a conveyance to him, or to the
corporation he represented.

It is obvious, from the reading of the provisions of the
contract between plaintiff and defendant, that the condition of
the title to the land was in their mind, for one of the stipula-
tions is to the effect that the plaintiff is not to be in any way
bound to defendant or to any one to whom he should sell
said land on account of the failure, if any, of the said trustees
to make a good title thereto.   And in addition to this, it was
provided that if the defendant should not make sale during
the life of the option, or if he failed to get an extension of
the option, yet if as agent or otherwise he should directly or
indirectly make a sale, then he should be bound to pay the
agreed consideration.   These provisions, we think, show that
it was within the contemplation of the parties that, owing to
the complications existing, or that might arise in respect to the
title, an effective conveyance might not be secured within the
life of the option, and to the end that the plaintiff should not
be deprived of a limited participation in the profits of the sale
of the property, if afterwards consummated, it was stipulated
that the defendant should be bound if he should at any time

thereafter directly or indirectly make the sale. The plaintiff's right to recover the thousand dollars, therefore, could not be defeated by showing the transaction of the purchase and sale was not completed during the life of the option, or by showing that the trustees were not able to make an acceptable conveyance of the title.

The option related to the purchase of the title of Geo. C. Kost, deceased, in the land. This title the defendant secured. It is not reasonable to suppose had not the plaintiff got out of the way that the defendant would have been able to obtain and convey this title and thereby realize by the transaction upwards of fifteen thousand dollars profit, which it is conceded he did. It is indisputable that all the negotiations which were carried on by defendant with the trustees or the devisees for the conveyance of said land to him were based upon the plaintiff's option contract, and it seems clear to us that even though the same did not result in a purchase and sale until after the thirty-five days fixed by such option, that under the contract between the plaintiff and defendant the latter is liable to the former for the payment of the thousand dollars.

The case was tried by the court without the aid of a jury. It gave for defendant a number of declarations of law which were extremely favorable to him. And refused a number of others by which a consideration of the case was requested upon improper theories. We have examined the several objections taken by defendant to the evidence offered by plaintiff and have concluded that none of them should be upheld.

The defendant makes the further point that the petition demands judgment for only one thousand dollars, while the judgment is for one thousand and sixty dollars. The rule of practice was established in this State soon after its organization and has been ever since undeviatingly maintained, that in an action at law the plaintiff is limited in his recovery to the

amount of damages claimed in his petition; and it has been several times ruled that a judgment in excess of that so claimed is erroneous.    Carr v. Edwards, 1 Mo. 137; Maupin v. Triplett, 5 Mo. 422; McGee v. Larramore, 50 Mo. 424; Moore v. Dixon, 50 Mo. 423; Carter v. Shotwell, 42 Mo. App. 663. And it has been settled quite as long, that in such case the appellate court will let the plaintiff remit the excess.    Johnson v. Robertson, 1 Mo. 334.

It results that the judgment will be reversed and cause remanded unless the plaintiff will within ten days hence file with the clerk of this court a release of the damages recovered in excess of the amount claimed in his petition and shall pay all the cost that has accrued—then the judgment shall stand affirmed.    All concur.