J. C. RUCKER, RESPONDENT, v. G. N. HYDE ET AL., APPELLANTS.—
52 S. W. (2d) 409.

Kansas City Court of Appeals. July 5, 1932.

*W. W. Rucker* and *J. A. Collet* for respondent.

*John D. Taylor* for appellant.

TRIMBLE, P. J.—Suit on a promissory note for $5000, dated September 10, 1930, due six months after date, bearing six per cent compound interest from date. It contained a further provision to pay an additional sum of ten per cent of the amount due as an attorney's fee in case note was collected by suit or by an attorney.

The answer set up that defendants negotiated with the plaintiff for the purchase of a building in Keytesville, Chariton county, Missouri, and on or about September 10, 1930, plaintiff caused to be written a contract which was executed by said parties and delivered to the Farmers Bank of Chariton county, Keytesville, Missouri, together with a deed; which said contract is as follows:—

"This envelope contains a deed executed by J. C. Rucker and wife to Garnett N. Hyde and Harris D. Garnett by which they convey to said Hyde and Garnett all of the property heretofore occupied and used by said Rucker as a furniture and undertaking business.

"The deed is to be held by the Farmers Bank for delivery to said Garnett N. Hyde and Harris D. Garnett when the following described notes are fully paid and discharged, to-wit:

"One note for $4000, dated September 10, 1930, due October 1, 1930, with six per cent interest thereon from maturity, *and*

"One note for $5000, dated September 10, 1930, due six months after the date thereon, with interest from date at the rate of six per cent.

"Both and each of said notes signed:

"'Garnett N. Hyde' and 'H. D. Garnett.'

"When said notes are fully paid and discharged, the Farmers Bank is fully authorized and directed to deliver the enclosed deed, to said Garnett N. Hyde and Harris D. Garnett.

"J. C. Rucker,
"Garnett N. Hyde,
"Harris D. Garnett."

"All papers to be redelivered to J. C. Rucker if notes are not paid when due, unless other agreements are made.

> "J. C. Rucker,
> "G. N. Hyde,
> "Harris D. Garnett."

The answer further set up that, upon the execution of said contract and the delivery of the same to the said bank, defendants delivered their certain note for $5000, being the note described in plaintiff's petition, to the plaintiff.

The answer then alleged that said note was not paid at its maturity, to-wit, March 10, 1931, and under and by virtue of the terms of said contract plaintiff was entitled to have said deed redelivered to him and the absolute title of said building, described in said deed and referred to in said contract, fully reinvested in the plaintiff free of any claim of title or interest on the part of the defendants, and said note was thereby immediately discharged.

For further answer defendants set up that since the transaction was not consummated, and since, under the terms of said contract, plaintiff is now, and was at all times, the owner of said building, that no consideration passed between plaintiff and defendants for the execution of said note and same is void and uncollectible because of want of consideration.

The reply was a general denial coupled with an allegation that—

"On the eighth day of September, 1930, plaintiff and defendants entered into a parol contract by the terms of which said contract plaintiff undertook and agreed to sell and convey to defendants his furniture and undertaking stock of goods together with the building in which said stock of goods was located . . . for the agreed price . . . of ten thousand dollars; that upon entering into said contract as aforesaid, defendants paid plaintiff the sum of . . . $1000 in cash and executed their two promissory notes, one for . . . $4000, dated September 10, 1930, and due October 1, 1930, with interest at six per cent thereon from maturity, and one note for . . . $5000, dated September 10, 1930, due six months from date at the rate of six per cent; that upon the payment of said . . . in cash and the execution by defendants of the said promissory notes above described, plaintiff delivered to the defendants the entire stock of merchandise so sold by him to defendants, and put them into full and complete possession of said stock of goods and the building in which said merchandise was located; that continuously since that time, defendants have been in the sole and exclusive possession of said goods and said building and at all times since said date, and now are, selling said goods and controlling and operating said building as their own; that pursuant to their said contract afore-

said plaintiff, being joined therein by his wife, executed a warranty deed conveying the real estate involved in the said agreement so made as aforesaid to these defendants, and by agreement with them, placed the said deed in the Farmers Bank in escrow to be delivered to defendants upon the payment of the notes so executed by them as aforesaid; that thereafter defendants fully paid off and discharged the above described note for . . . $4000 which became due October 1, 1930; that the said deed so placed in the Farmers Bank in escrow as aforesaid has remained in said bank continuously from the time of its deposit as aforesaid until the present time, awaiting the payment by defendants of the above described note for . . . $5000 which by its terms became due and payable on the 10th day of March, 1931; that there has never been any contract or undertaking entered into between plaintiff and defendants since the making of the original contract of purchase and sale as aforesaid which was designed to or did in any wise affect, modify, abrogate or annul the said original contract so made between them; that the said deed to the real estate contracted to be conveyed as aforesaid has at all times and is now subject to delivery to defendants upon the payment of the balance of the purchase price thereof, to-wit, the . . . $5000 note above described, being the note herein sued on; that the matter set up in the defendants' answer as the contract between plaintiff and defendants for which the note herein sued on is alleged to be a part payment, was not the undertaking or contract of the parties plaintiff and defendants for the purchase and sale of said stock of goods and building aforesaid, but was intended and designated only as direction to the holder of the escrow, to-wit, the Farmers Bank, as to the disposition that might be made by said bank of the escrow deposit, and was not intended or designated by the parties plaintiff and defendants as a modification, change, or substitution of the contract of purchase and sale theretofore entered into by these parties.''

A demurrer was filed to said reply on the ground that ''the matters pleaded in said reply constitute no defense in this cause, for the reason that said reply attempts to plead matters in parol required by statute to be in writing, and attempts to plead part performance in an action at law.''

Said demurrer was overruled, and thereupon defendants filed a motion to strike out that part of plaintiff's reply except the first and last paragraphs for the reason that all sought to be stricken out constitutes no defense to matters pleaded in defendants' answer nor a cause of action against defendants. This motion was likewise overruled.

After hearing the evidence the court took the case under advisement until June 18, 1931 (May adjourned term), and then rendered judgment for plaintiff in the full amount of interest and principal due on the note, namely, $5206.42, and also for an attorney's fee of $520.64, aggregating $5727.06 with six per cent compound interest from date and for costs.

Defendants appealed.

The record does not disclose, at any time after the original parol agreement, anything contemplating a change in or variation of said agreement from its original terms. Nothing occurred between the parties after the deposit of the escrow with the bank until at the time of, or subsequent to, the maturity of the note sued on. The $4000 note was paid to the bank and during all the time from September 10, 1930, up to now, defendants have been, and are now, in the possession of the building and stock of goods as owners thereof.

The suit herein is not to enforce the contract for the sale of the building, but is one on the promissory note execution of which is admitted, but want of consideration of which is pleaded. To be enforceable, an executory contract for the sale of real estate must doubtless be in writing. [Sec. 2967, R. S. 1929.]

The transaction between the plaintiff on the one hand and the defendants on the other, cannot be divided into two separate and independent matters, namely, a purchase of the merchandise stock for $5000, and a sale of the building at $5000. We think the record shows otherwise and evidently the court so found and held. The transaction was a sale of a stock of merchandise and the equity in the building for $10,000.

The standard definition of a contract is that it is an agreement between two or more competent persons or entities, upon a sufficient consideration, to do or not to do some particular thing or things not forbidden by law. [Justice v. Lang, 42 N. Y. 493, 497; Price v. Treat, 45 N. W. 790, 792.] A very desirable and necessary element of a contract is that it contain clear and explicit words to express it.

While it is true a mere verbal agreement is not enforceable under the Statute of Frauds, it is not always absolutely void, but may be voidable only and may be, and often is, sufficient consideration to support a promissory note given pursuant to such contract. [8 C. J. 231; McGowen v. West, 7 Mo. 569; Kratz v. Stocke, 42 Mo. 351; Hutting v. Brennan, 41 S. W. (2d) 1054, 1062.]

Now, the memoranda placed upon the envelope do not constitute the contract between the parties out of which the note sued on grew. The memoranda did not change the legal status of the matter in the course of which the escrow in the bank was created. [Seibel v. Higham, 216 Mo. 121, 132.] Indeed the memoranda did not rise to

the dignity of a contract at all. They were mere directions obtained by the officer of the bank for his guidance, taken as a precautionary, though perhaps unnecessary, matter on his part. They could not create a contract between the parties involving the vitality of the contract of purchase and sale. They contain nothing which designated or defines the terms of the agreement between the parties which goes to the life of the note. There were other matters involved beside the mere conveyance of the real estate, none of which are in any way covered or provided for in the memoranda, which fact of itself is a potent influence in showing that the memoranda were not intended as a contract determining the rights of the parties to the original transaction.

It follows that the judgment must be affirmed. It is so ordered. All concur, except ARNOLD, J., absent.