MAY TERM,
1838.

Maupin
v.
Triplett.

In an action on a note, purporting on its face to be given for a certain consideration, where def. proved a failure of such consideration, pltf. may by parol proof show that the note was not given for the consideration expressed on its face, but for another and different consideration.

---

## MAUPIN v. TRIPLETT.

1. In a suit before a justice of the peace, where a bond is offered in evidence, which is not the foundation of the action and not filed as such with the justice, according to the directions of our statute, it must be proved in the usual way; and if there be a subscribing witness, he must be called, or his absence accounted for, before any other testimony can be offered to prove the obligor's signature.
2. Where the judgment is for greater damages than the plaintiff claims in his declaration or count, it is error.

*Cole*, attorney for appellant:

1. Error assigned, illegal evidence on behalf of plaintiff. Triplett offered in evidence a bond given by himself, Maupin and Worthington, to James Breckenridge, for $65 85 cents, as evidence to show that Maupin owed him his demand of $33 25. This bond, then, not being the foundation of the action, should have been proved according to law before it went to the jury. It was not

so proved, and the circuit court erred in permitting it to go in evidence—Collins v. Bowman, 2 Mo. Rep. 195; Mo. Laws, 361, sec. 18; Baldridge, admr. v. H. Walter, 1 Mo. Rep. 520.

2. The judgment is erroneous. Triplett only demanded $33 25, and the judgment is for $94 07; this is error—Carr & Co. v. N. Edwards, 1 Mo. Rep. 137; Johnson v. Robertson, 1 Mo. Rep. 615.

MAY TERM, 1838.

Maupin v. Triplett.

EDWARDS, Judge, delivered the opinion of the court.

Triplett sued Maupin before a justice of the peace for $33 25. The jury returned a verdict against Maupin for $33 25, upon which the justice rendered judgment against Maupin for $83 25, and Maupin appealed to the circuit court.

On the trial in the circuit court, Triplett had a verdict for $94 07, for which sum the court rendered judgment against Maupin, and thereupon Maupin moved for a new trial, which motion the court overruled, and Maupin appealed to this court.

On the trial, Triplett offered in evidence a bond given by Maupin, Worthington and Triplett, to James Breckenridge, for $65 85, as evidence that Maupin owed him his demand of $33 25, to which bond Jas. A. M'Donald was a subscribing witness. A witness proved that M'Donald, the subscribing witness, was alive and living in St. Louis county, in this State. This witness also proved that he was present when this bond was executed; that he saw the obligor sign it, and that Triplett signed it as security. Witness did not attest it, but believes it the same note.

In a suit before a J. P. where a bond is offered in evidence, which is not the foundation of the action and not filed as such with the justice, according to the directions of our statute, it must be proved in the usual way; and if there be a subscribing witness, he must be called, or his absence accounted for, before any other testimony can be offered to prove the obligor's signature.

The first error assigned is, that illegal evidence was admitted on the part of the plaintiff. "If any suit or set-off be founded upon any instrument of writing, purporting to have been executed by the opposite party, and the same shall have been filed with the justice according to the preceding provisions of this act, such instrument shall be received in evidence on the trial, unless the party, before the jury is sworn, or the trial submitted to the justice charged to have executed the same, shall deny the execution thereof on oath"—sec. 18, R. C. 1835, p. 361. To entitle a party to read an instrument in evidence without proof of execution, two things are required: There must be an instrument purporting to be executed by the other party; and second, that instrument must have been filed with the justice as the foundation of the

MAY TERM, 1838.

Maupin
v.
Triplett.

action, in support of which, it is offered in evidence— 2 Mo. Rep. 196; sec. 6, R. C. 1835, p. 350; and sec. 18, R. C. 1835, p. 361. The bond offered in evidence to support Triplett's action, was not the instrument filed with the justice as the foundation of the action, as required by the sixth section just referred to. It could not then be offered in evidence without proof of its execution, and that by the subscribing witness, unless his absence was accounted for. If the instrument produced in evidence purport to have been attested by one or more witnesses, whose names are subscribed, one of the witnesses, at least, must be called. The law requires the testimony of the subscribing witness, because the parties themselves, by selecting him as the witness, have mutually agreed to rest upon his testimony in proof of the execution of the instrument, and of the circumstances which then took place, and because he knows those facts which are probably unknown to others. And so rigid is this rule, that it is not superseded in the case of a deed, by proof of any admission or acknowledgment of the execution by the party himself. The rule applies whether the question be between the parties to the deed or strangers—1 Stark. Evi. 320–1. The party must call the attesting witness, or show that the usual proof, by means of the attesting witness, has become impossible. For this purpose, it may be shown that the attesting witness is dead, or is blind, or that he has become insane, or that he is abroad and beyond the process of the court—1 Stark. Evi. 325. In this case the witness was alive and living in St. Louis county, and within the reach of the court. It was error then to give the bond in evidence without proof of its execution by the subscribing witness.

<span style="float:left">Where the judgment is for greater damages than the pltf. claims in his declaration or count, it is error.</span> The next error assigned is, that the judgment is erroneous. The plaintiff below demanded $33 25 only, the judgment is for $94 07. If the jury find greater damages than the plaintiff has counted for, and the court render judgment according to such finding, it is error—1 Mo. Rep. 137, 615. For these errors, the judgment of the circuit court ought to be reversed, and the other judges concurring, it is reversed and remanded.