## BAILEY *vs.* PALMER.

Under our system of practice, the declaration not only contains the cause of action, but is the first step in the proceeding. It must be filed before a summons can issue.

A plaintiff m. y prove by parol the summons and its service, after accounting satisfactorily for their loss ; but he cannot prove them by parol, where he has no declaration on the rolls.

On questions of practice, this Court will not disturb the decisions of the Circuit Courts, unless the error is palpable and of a serious character.

And if the declaration, writ and return are all lost, and after judgment by default the court refuses to allow them to be supplied by parol evidence, the refusal is correct, for it would be an amendment without any thing to amend by.

THIS was a judgment by default, in debt, rendered in the Jefferson Circuit Court, in April, 1840, before the Hon. ISAAC BAKER, one of the circuit judges, in favor of John Palmer sen. *vs.* Margaret Bailey. The defendant sued out a writ of error in May, 1842, the transcript returned wherein contained nothing but the entry of judgment by default. The defendant in error then filed affidavit that there was originally a proper declaration, writ and service, and that declaration, writ and return had been lost or mislaid, but could be found or their loss supplied, and moved for a certiorari, to bring up a complete transcript.

In October, 1842, in the circuit court, Palmer presented what purported to be copies of declaration, writ and return, with the affidavit of the sheriff, clerk and his attorney, showing that there was a declaration filed and writ issued and served in time, and that the papers pre-

Bailey *vs.* Palmer.

sented were substantial copies; and moved the court to have their loss so supplied. Motion overruled, and exceptions.

The case was argued here by *Jas. Yell,* for plaintiff in error, and *Hempstead & Johnson,* contra.

*By the Court,* LACY, J. The point to be decided is, did the court below err in refusing to allow the plaintiff to supply by parol the declaration, original summons and the service of the writ, which are alleged to be mislaid or lost? The doctrine in regard to proving lost judicial records was fully considered and explained by this court in the case of *Smith vs. Dudley,* 1 *Ark. Rep.* 64, and *Fowler vs. Moore,* 4 *ib.* 570. It will be seen by reference to these cases, and the authorities there cited that the question in regard to the proof of lost records arose incidentally on the trial; and in none of the adjudications did the lost records themselves constitute the sole foundation or cause of action. In the present case, the lost record attempted to be established by parol, is the foundation of the action. Agreeably to the practice of our circuit courts as regulated by the statutes, the declaration contains not only the cause of action, but is the first step in the proceeding. It is required to be first filed and upon it issues the writ of summons. Now it was competent for the party to prove by parol the writ of summons and its service, after he had accounted satisfactorily for their loss in the manner pointed out in the case of *Fowler vs. Moore;* but he cannot be allowed to prove these by parol in a case where he has no declaration on the rolls. It is that alone that gives authority to issue the summons and have it served; and where there is no declaration on file, there can be no cause of action, and of course the writ and return are mere nullities. Besides, this was peculiarly a question of practice for the court below, and in such a case we are unwilling to disturb the judgment, and certainly would not do so, unless the error was palpable and of a serious character. There is simply a judgment in this case by default, all the rest of the records being lost. The discretion of the court over amendments is unquestionably very great; but like all other proceedings, it has its limits, and one of the very first and most salutary rules is, that no amendment

27

will be allowed, where there is nothing to amend by. The summons and the return could not be amended, for there was no declaration authorizing its issuance and service; and a judgment by default without a writ and return, and in the absence of all other pleading, is surely erroneous. Judgment reversed.