H. L. MOORE, Defendant in Error, *v.* A. D. DIXON, Plaintiff in Error.

1. *Forcible entry and detainer — Amount claimed — Judgment for greater sum.* — In an action commenced before a justice of the peace, under the forcible entry and detainer act, if plaintiff claim a specific sum as embracing the amount of his damages, judgment on appeal to the Circuit Court for a greater sum is error.

*Error to Linn Circuit Court.*

*T. A. Green,* for plaintiff in error.

*C. L. Gibson* and *G. W. Easley,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding commenced before a justice of the peace under the forcible entry and detainer act. The plaintiff in his complaint asked for a restitution of the premises, and alleged that he was damaged in the sum of twenty dollars, for which amount he asked judgment.

Upon a trial in the magistrate's court plaintiff had a verdict, and his damages were assessed at one dollar. Defendant then appealed, and in the Circuit Court the jury found for the plain-

tiff and awarded him damages in the sum of $250.16, upon which verdict the court entered up a judgment and doubled the damages.

The only point now made in this court to reverse the judgment is that the plaintiff could recover no greater amount of damages than he claimed in his complaint. Under the sixth section of the act regulating forcible entry and detainer, it was not necessary in the complaint to allege a specific claim for damages; and in a complaint founded upon that section, at the trial the jury would be justified in giving damages, and also in stating the monthly rents and profits. (Wagn. Stat. 645, § 17.)

But if the plaintiff will allege a certain sum as comprehending the whole amount of his damages, can he recover anything in excess thereof? This court has repeatedly held that when a judgment is rendered for a greater amount of damages than that laid in the declaration, it is error, and the judgment must be reversed. The same principle has been applied to cases appealed from justices of the peace; the bond, note or statement filed with the justice being regarded as the plaintiff's declaration or count. (Hayton v. Hope, 3 Mo. 53; Maupin v. Triplett, 5 Mo. 422.) Wherefore the judgment must be reversed and the caused remanded. The other judges concur.