GEORGE N. BOUGHTON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 23, 1887.**

1. APPEAL FROM JUSTICES.—Under the statute, only the same cause of action which was tried before the justice can be tried on appeal.

2. —— AMENDMENT TO CHANGE CAUSE OF ACTION.—On appeal from a judgment of a justice where the recovery before the justice was for the amount sued for, under a statement showing the quantity and price of the goods sold, the plaintiff can not so amend his statement in the circuit court as to enable him to recover a judgment for more than double that amount.

APPEAL from the Stoddard County Circuit Court, JOHN G. WEAR, Judge.

*Reversed and remanded.*

GEORGE H. BENTON, for the appellant: The amended petition substituted a different cause of action in the circuit court from that which was tried by the justice of the peace. Rev. Stat., sect. 3058; *Clark v. Smith*, 30 Mo. 498; *Hansberger v. Railroad*, 43 Mo. 196; *Beattie v. Hill*, 60 Mo. 71; *Sandeen v. Railroad*, 79 Mo. 278.

GEORGE N. BOUGHTON, *pro se.*

ROMBAUER, J., delivered the opinion of the court.

This suit was commenced before a justice of the peace on the following statement:

"The plaintiff states that the defendant is indebted to him in the sum of eighty-two dollars and forty-one cents, for ten oak piles thirty-five feet long, and seventeen oak piles forty feet long, making 1,030 feet of piling at eight cents per foot, amounting to eighty-two dollars and forty cents, for which he asks judgment."

Judgment was rendered by the justice for the amount claimed, and the defendant appealed.

In the circuit court the plaintiff, by leave of court, filed the following amended statement:

"Now comes the plaintiff, and, by leave of court, files this, his amended statement, and states that the defendant is indebted to him in the sum of one hundred and fifty dollars, for a lot of oak piling furnished the defendant in the year 1879, on the defendant's road, between Dudley Station and Poplin Station, in Stoddard county."

The defendant moved to strike out this amended statement, because it changed the cause of action. The court overruled this motion, and, upon a trial of the facts, rendered a judgment against the defendant for one hundred and ninety-two dollars.

The statement of the case indicates the only disposition which can be made of it. The law provides that "the same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal." Rev. Stat., sect. 3058. It appears, by the record, that the justice tried the plaintiff's claim to compensation for a given quantity of piling furnished by the plaintiff to the defendant, at a certain price. As the justice gave to the plaintiff all that he claimed, and his statement warranted, it is not conceivable how, upon any theory of the facts, the circuit court

could have rendered judgment for the plaintiff for more than twice that amount, provided the cause of action was the same. If the cause of action was different, the circuit court had no jurisdiction thereof on appeal.

The fact that the circuit court rendered judgment in favor of the plaintiff, for $109.60 more than he claimed in his original statement, is an independent error. A party is limited, in his recovery, to damages claimed in his petition, and this rule applies to statements filed before a justice, when tried by the circuit court on appeal. *Maupin v. Triplett*, 5 Mo. 422, 424; *McGee v. Larramore*, 50 Mo. 425.

In view of a re-trial of the cause, we suggest that the plaintiff have leave to withdraw his amended statement filed in the circuit court, and to so amend his statement filed before the justice as to show the date of the alleged sale. The defendant is entitled to have the cause of action stated with sufficient precision to enable him to plead a judgment which may be rendered thereon, in bar of another action.

All the judges concurring, the judgment is reversed and the cause remanded.