J. W. CARTER, Plaintiff in Error, v. LOUIS TINDALL
*et al.*, Defendants in Error.

Kansas City Court of Appeals, December 24, 1887.

FORCIBLE ENTRY AND DETAINER—APPEAL FROM JUDGMENT OF JUS-
TICE UNDER SECTIONS 2468, 2469, 2470, REVISED STATUTES.—The
statute respecting proceedings in forcible entry and detainer (Rev.
Stat., secs. 2468, 2469, 2470) contemplates a more summary trial
and disposition of appeals than in an ordinary action begun in a
justice's court. If the judgment of the justice be rendered during
the term of the circuit court, the return of the justice's transcript
must be made to that court within six days after the rendition of
the judgment. The provisions of the statute as to ordinary cases
of appeal (Rev. Stat., sec. 3055) have no application to such cases.
The chapter relating to that subject (forcible entry and detainer)
is a complete scheme and system, in and of itself, for the govern-
ment of such proceedings. No notice that an appeal has been
taken is required, and, if taken before or during the term of the
appellate (circuit) court, the cause stands for trial at the return
term of the circuit court.

ERROR to Buchanan Circuit Court, HON. OLIVER M.
SPENCER, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

HUSTON & PARRISH, for the plaintiff in error.

I. The second reason alleged in the motion for
affirmance (in the circuit court) is settled by the record.
The judgment was rendered on the twenty-fourth of May,
1886, the appeal was allowed on the twenty-fifth of May,
1886, and the transcript filed in the circuit clerk's office
on the twenty-eighth of May, 1886—all of which appears
on the record. Besides this point was not urged below.

II. This is a case of forcible entry and detainer.
Notice of appeal is not required. The statute on the
subject is complete in itself, and that alone can be looked

to in determining this question. *Gunn v. Sinclair*, 52 Mo. 327; *Powell v. Camp*, 60 Mo. 569; *Gray v. Dryden*, 79 Mo. 106. The statute does not prescribe or require notice of appeal. Rev. Stat., chap. 33, art. 2, p. 412. This article provides the whole course of procedure. It is the exclusive practice act for this class of cases— covers the whole ground, provides the complete machinery.

III. The law regulating appeals from justices of the peace does not apply. (*a*) Because this is a special proceeding, for which special provision is made. (*b*) Because if the law requiring ten days' notice, under the general law, be applied, it leads to the absurdity of requiring notice of the appeal to be given at least ten days before the first day of the term at which the cause is to be determined. Rev. Stat., sec. 3055, p. 511. While the forcible entry and detainer law requires all appeals taken in vacation of the circuit court to be returned and tried at that term, if taken during the term of the circuit court, they shall be returnable in six days. Rev. Stat., sec. 2470, p. 413; secs. 2479, 2484, p. 415.

No brief for the defendants in error.

PHILIPS, P. J.—This is an action of forcible entry and detainer, instituted in a justice's court. On the twenty-fourth day of May, 1886, the cause was tried in the justice's court, resulting in a verdict and judgment for defendants. On the twenty-fifth day of the same month the plaintiff perfected his appeal from this judgment to the circuit court. The transcript of this proceeding in the justice's court was filed in the office of the circuit clerk on the twenty-eighth day of May, 1886, within six days after the rendition of the judgment by the justice. It appears that this was during the term of the circuit court. In January, 1887, at a term of the said circuit court, the defendants filed a motion to affirm the judgment of the justice, for the reasons assigned in the motion, that the plaintiff, appellant, had failed to

give notice to the appellees of the appeal, although two terms of the circuit court had begun since the appeal was taken, and because the cause was tried and judgment rendered by the justice during the May term, 1886, of the circuit court, and while the court was in session, and the justice had failed to file the transcript within six days thereafter, as required by statute. This motion was sustained, and the plaintiff has appealed to this court.

I.   As to the second ground alleged in the motion, it is sufficient to say, the fact shown by the record refutes the allegation. The judgment was rendered on the twenty-fourth day of May, 1886, and the transcript was filed in the clerk's office on the twenty-eighth day of May, 1886. Reliance for the first ground alleged in the motion for affirmance, we presume, is placed upon the provisions of article 9, chapter 44, of Revised Statutes, concerning appeals generally in justices' courts. By section 3055 of this article it is provided, that if an appeal be not taken on the day on which judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term before the cause is to be determined, with a notice, in writing, stating the fact that an appeal has been taken, etc. Then, by section 3057, it is provided that if the appellant fail to give such notice, at least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellant.

But it is claimed by the appellant that the case at bar is governed solely by the provisions of article 2, chapter 33, concerning forcible entry and detainer, under which no such notice is required. Section 2468 of this statute provides that: "Any party aggrieved by the judgment of the justice of the peace, in any case of forcible entry and detainer, or unlawful detainer, except a judgment of non-suit, may appeal therefrom to the circuit court." Section 2469 provides that no appeal shall be allowed, unless the same be applied for, and an affi-

davit and recognizance filed with the justice, within ten days after the rendition of the judgment, and before the return day of the appeal, although such return day be, within ten days after the rendition of the judgment. Section 2470 provides that, when the judgment is rendered during the vacation of the circuit court, the appeal shall be returnable to the first day of the next term thereof; but if the judgment be rendered during the term of such court, the appeal shall be returnable within six days after the rendition of the judgment. From these provisions it is manifest that the statute respecting proceedings in forcible entry and detainer contemplates a more summary trial and disposition of appeals than in an ordinary action begun in a justice's court. In case the judgment of the justice be rendered during the term of the appellate court the return of the justice's transcript shall be made to the appellate court "within six days after the rendition of the judgment." It is, therefore, quite evident that the provision of section 3055, requiring and permitting the appellant to give the appellee ten days' notice of the appeal before the first day of the return term, is impossible of performance in the case of an appeal from a judgment in a forcible entry proceeding taken during the term of the appellate court. The whole chapter concerning the proceeding in the action of forcible entry and detainer shows, as already stated, that the design was to hasten the trial; and the chapter is a complete scheme and system, in and of itself, for the government of such proceeding. In the first place only five days' notice, by summons, before the day of trial is required (sec. 2425); whereas in respect of suits generally in justices' courts ten days' notice by summons is required. Sec. 2861. No notice is anywhere prescribed in article 2, chapter 33, providing for appeals in the action of forcible entry and detainer, from the appellant to the appellee, that an appeal has been taken. If the appeal be taken in vacation of the appellate court, the cause is returnable to the first term, even though such term begin within ten days after

appeal taken. If taken in term time of the appellate court it is returnable within six days ; and in either case the cause stands for trial at such return term. The provisions of said section 3055, as already stated, cannot apply, as the notice there prescribed must be ten days before the return term. And as no such notice is prescribed by the chapter concerning appeals in the action of forcible entry, and no time is prescribed for such notice, shortening the period of ten days, the conclusion seems irresistible that the statute does not contemplate any such notice in this proceeding.

It follows that the judgment of the circuit court is reversed and the cause remanded. All concur.