LAURA B. HASTINGS, Respondent, v. JOHN B. HENNESSEY, Appellant.

St. Louis Court of Appeals, December 27, 1892.

**Forcible Entry and Detainer:** APPEAL. An appeal from the judgment of a justice of the peace in an action of unlawful detainer must be taken and perfected in the manner prescribed by special statutory provisions in regard thereto; the statutes in relation to appeals from justices in ordinary proceedings have no application. Accordingly, when such an appeal is taken from a judgment rendered during the term of the circuit court to which it is returnable, it is essential to its validity that it should be perfected by the filing of the requisite affidavit and recognizance with the justice within six days after the rendition of the judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Harvey & Hill* and *H. K. Bunch*, for appellant.

*M. Hilton,* for respondent.

THOMPSON, J.—This was an action of unlawful detainer, commenced before Justice Mielert, of the city of St. Louis, and transferred for trial to Justice Zimmermann, of the same city, by whom it was tried, resulting in a judgment for the plaintiff. This judgment was rendered on June 19, 1891. On June 20, 1891, the defendant Hennessey again appeared before the justice and filed an affidavit for an appeal in due form. On June 24, 1891, he tendered an ordinary appeal bond, hereafter more fully described, with one surety in the amount fixed by the justice. The justice received this bond and indorsed on the same: "Attest and approved, this twenty-fourth day of June, 1891. T. F. W. Zimmermann, justice of the peace of the second district, city of St. Louis, Missouri." Thereupon Hennessey and his surety went away. Subsequently the justice seems to have become satisfied that the bond was defective, and that the surety was insufficient. Thereupon, on the twenty-seventh of June, he wrote a letter to Hennessey as follows:

"The bond [describing it] entered into by yourself as principal and Peter A. Ruga as surety was, on the twenty-fourth day of June, by me approved on condition that the bond would be sufficient. This I find not to be the case to my satisfaction. After consulting the statutes, I find I erred in drawing the bond. *Secondly,* the bond is insufficient, unless Mr. Ruga proved that there is only due on incumbrances the sum of $8,000, whereas the records show $11,000. Hence, you will, before appeal time expires, furnish a bond which will comply with the statutes and be sufficient in all particulars. Please attend to this before July 4, 1891.

"Respectfully,

"T. F. W. ZIMMERMANN,

"Justice."

Thereafter on the thirtieth of June the justice approved an appeal bond with the same surety. This, it will be remembered, was more than ten days after the trial. The justice filed the transcript and papers in the circuit court on the sixth day of July. On July 7, the day after the papers were thus filed, the plaintiff appeared by her attorney, and filed a motion to dismiss the appeal, on the following grounds: *"First.* Because the judgment of the justice was rendered June 19, 1891, during the session of the circuit court of St. Louis, yet the bond was not executed or filed with the justice until June 30, 1891. *Second.* Because the transcript of the record and proceedings and original papers in this case were not filed with the clerk of this court, until July 6, 1891, yet the judgment of the justice was rendered June 19, 1891, and the record so shows—at which date the circuit court of St. Louis was in session. *Third.* Because this court was without jurisdiction, and the record so shows."

Now the transcript returned by Justice Zimmermann to the circuit court did not show that an appeal bond had been tendered and approved on the twenty-fourth of June, as already stated; nor that such a bond had been tendered and approved by him conditionally; nor that an informal and insufficient bond had been tendered by the defendant Hennessey and received by him, and that he had thereafter required Hennessey to furnish a sufficient bond, and that Hennessey had thereupon furnished the bond which was approved on June 30; nor did it show anything of the kind. It merely recited: "June 20, 1891, comes defendant Hennessey and files his affidavit for appeal; and on June 30, 1891, comes said defendant and files his appeal bond in the sum of $800, with Peter A. Ruga as surety. Bond approved and appeal allowed."

Such being the transcript returned by the justice, and the motion to dismiss the appeal having been made, as already recited, the defendant, on July 13, 1891, filed in the circuit court a petition for a rule on the justice requiring him to amend his return in accordance with the facts. This rule was supported by affidavits tending to show the above state of facts, and also tending to show that defendant had used due diligence in endeavoring to get the justice's transcript and the papers, and file them in the circuit court within the time prescribed by the statute. In compliance with the prayer of this petition, the circuit court, on the ninth of November, 1891, made a rule *nisi* on the justice to file in the circuit court, within ten days from that date, the appeal bond presented to him on June 24, 1891, and to correct his transcript so as to show what action he took at the time with reference to approving or disapproving said bond. On the thirteenth of November the justice made a long return to this rule, in which he stated, in substance, that he took and approved said bond on the condition, intimated at the time to defendant, that the security was as represented to him at the time of taking the bond; that, being satisfied from subsequent inquiry that the security was insufficient, and for the further reason that the bond was not in the form required by the statute, he disapproved it, and on the next day indorsed it as disapproved. His return then recites at considerable length his notice to the defendant of his action, and the giving of the new bond on the thirtieth of June. He filed the bond of June 24 as an exhibit to his return. He claimed in his return to have acted in good faith, and stated that he did not embody in his transcript the facts set up in his return, because he did not regard it of sufficient importance to do so. The bond is not the statutory bond required by section

5144, of the Revised Statutes, to be given by the *defendant* in actions of unlawful detainer, but is similar to the bond required by the *complainant* in such actions by section 5143, which is the same as the appeal bond in ordinary appeals from justices of the peace. In other words, it contained no clause binding the appellant not to commit waste or damage, and to pay all rents, profits or damages that should be adjudged against him. It was clearly insufficient under the statute, and would not have operated to perfect the appeal. It contained the indorsement already recited, showing its approval by the justice on the twenty-fourth of June, 1891. But immediately thereafter it also contained the following indorsement:

"Bond disapproved, June 25, '91, on account of error in drawing the bond, and on account of the insufficiency of the bond.

"T. F. W. ZIMMERMANN,
"Justice."

With this return before the court, the plaintiff, on December 31, 1891, filed another motion to dismiss the appeal for the following reasons: *"First.* Because no notice of this appeal has been given by the appellee, yet the appeal was not allowed on the same day on which the judgment was rendered by the justice, and the present is the second term of this court after or since said appeal was taken. *Second.* Because this court has no jurisdiction over the subject-matter of this action, or in the premises." Thereafter the court sustained this motion and dismissed the appeal, and defendant appeals to this court, assigning for error the action of the court in so doing.

The jurisdiction of a justice in forcible entry and detainer cases is special, and is prescribed to its minutest details by the forcible entry act. The mode of taking and perfecting an appeal prescribed by the

justice act has nothing whatever to do with the appeal in this case. *Carter v. Tindall*, 28 Mo. App. 316. The statute governing such appeals (Revised Statutes, sec. 5137) prohibits the allowance of such an appeal in any case, "unless the same be applied for and an affidavit and *recognizance filed* (with the justice) within ten days after the rendition of the judgment, and before the return day of the appeal, although such return day be within ten days after the rendition of the judgment." The judgment of the justice was rendered on the nineteenth of June. The June term of the circuit court was then in session. That is shown by this record, which contains orders of a later date made at the June term. The appeal was, therefore, returnable within *six days* after the rendition of the judgment. Revised Statutes, sec. 5138. It was, therefore, absolutely necessary, in order to perfect his appeal, that the defendant should have given such a recognizance as the statute requires within six days after the rendition of the judgment. He did not give such a recognizance until the eleventh day after the rendition of the judgment. There was, therefore, no appeal, and the circuit court acquired no jurisdiction, and, hence, rightly sustained the motion to dismiss the attempted appeal.

The judgment will be affirmed. All the judges concur.