J. ALLISON SMITH, Respondent, v. ROBERT A. MOORE, Appellant.

St. Louis Court of Appeals, April 4, 1893.

1. **Mortgages**: FORECLOSURE IN EQUITY: PERSONAL JUDGMENT AGAINST MORTGAGOR. In an action in equity for the foreclosure of a mortgage, the court has no power to render a personal judgment against the mortgagor. If the mortgaged property fails to satisfy the mortgage debt upon sale under the decree of foreclosure in such action, the remedy of the mortgagee for the recovery of the deficiency is at law.

2. ———: FOREIGN JUDGMENT OF FORECLOSURE: ENFORCEMENT AGAINST THE MORTGAGOR PERSONALLY. A foreign judgment for the foreclosure of a mortgage, whereby, pursuant to the statute of the foreign jurisdiction, a personal judgment against the mortgagor is rendered only for the residue of the mortgage debt after the sale of the mortgaged property, cannot prior to such sale be enforced here as a general judgment against the mortgagor personally; and this is so, though the mortgaged property has been exhausted under a prior mortgage.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED.

*White & McCammon,* for appellant.

*Atkisson & McDavid,* for respondent.

ROMBAUER, P. J.—The plaintiff brought suit on a judgment, describing it in his petition as a general judgment rendered against the defendant in the state of Iowa by a court of competent jurisdiction. The defendant answered by way of a general denial. The plaintiff recovered judgment and the defendant appeals, assigning errors as stated hereinafter.

Upon the trial of the cause the plaintiff offered in evidence the authenticated record of the judgment. It appeared from that record that the judgment sued on was rendered by the circuit court of Des Moines county, Iowa, upon the plaintiff's suit in equity against the defendant and Christina A. Moore, wherein the plaintiff by his petition claimed of the defendant, Robert A. Moore, the sum of $375.80 with interest due on his promissory note, *and the foreclosure of a certain mortgage made to secure it* and executed by both of the defendants. The petition in that suit concluded with a prayer: "That a receiver be appointed as aforesaid, and that plaintiff have judgment for $375.80 and interest and costs, and for an allowance of $60 for attorney's fees

for this foreclosure suit, *and that said mortgage be foreclosed and the equity of redemption be cut off, and the property sold under a special execution, and the proceeds applied in payment of said judgment,* as provided by law and general relief." It also appeared from that record that the judgment entry in said Iowa court contained the following recitals and decree: "It appearing to the court that the plaintiff's cause of action is founded upon a promissory note, and that the same is secured by a mortgage upon the property hereinafter described, executed by Robert A. Moore and Christina A. Moore, and that there is now due upon said note the sum of $478.08, *and the court allowed the attorney fee of $60.* It is therefore ordered, considered and adjudged by the court that the plaintiff, J. Allison Smith, do have and recover of and from the defendant, Robert A. Moore, the said sum of $478.80, together with interest thereon at the rate of ten per cent. per annum, and the further sum of —— dollars and ——— cents, the costs of suit and the costs that may accrue.

"And it is further ordered and decreed that the mortgage aforesaid be foreclosed, and that a special execution issue against the mortgaged premises, to-wit: Lots number 322 and 323, in the city of Burlington, Des Moines county, Iowa, except the north half of lot number 323, which has been released from said mortgage to the Burlington Mutual Loan Association, as appears on the margin of said mortgage, in Des Moines county, Iowa, and that the same, or so much thereof as may be necessary to satisfy the above judgment, interest and costs, be sold, *and that in default of the said property selling for sufficient to satisfy said judgment, a general execution issue against the said property of Robert A. Moore for the remainder.*" (The italics are our own.)

The plaintiff gave evidence that no part of said judgment had been paid, and that he did not prosecute

the judgment of foreclosure, because the security afforded by the land had been exhausted by a prior mortgage.

When the record of the Iowa judgment was offered in evidence, the defendant objected thereto on the ground, among others, that the same was a special judgment of foreclosure of a mortgage against Robert A. and Christina A. Moore, and not a general judgment as pleaded in plaintiff's petition, and because it did not tend to support the issues in this case. The objection was overruled and the defendant excepted, and he properly saved his exception by motion for new trial. This ruling of the court is assigned for error.

The defendant thereupon gave in evidence the following provisions of the Iowa Code:

"Section 3319. No deed of trust, or mortgage of real estate, with or without power of sale,   *   *   * shall be foreclosed in any other manner than by action in court by equitable proceedings.

"Section 3320. If separate suits are brought in the same county on the bond or note and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his cost.

"Section 3321. When a mortgage or deed of trust is foreclosed by equitable proceedings, the court shall render judgment for the entire amount found to be due, *and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs. A special execution shall issue accordingly,* and the sale thereunder shall be subject to redemption as in cases of sale under general execution.

"Section 3322. *If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagor,* unless the parties have stipulated otherwise."

"Section 2507. All forms of actions are abolished in this state, but the proceeding in a civil action may be of two kinds, ordinary and equitable.

"Section 2508. The plaintiff may prosecute his action by equitable proceedings in all cases where courts of equity, before the adoption of this code, had jurisdiction; and must so proceed in all cases where jurisdiction was exclusive.

"Section 2509. *The action on a note, together with a mortgage or deed of trust, for the foreclosure of the same, shall be by equitable proceedings.* An action on the bond or note alone, without regard therein to the mortgage or deed of trust, shall be by ordinary proceedings." (The italics are our own.)

At the close of the entire case the defendant asked an instruction, that, upon the pleadings and evidence, the plaintiff could not recover. The refusal of this instruction constitutes the second error complained of.

It will be thus seen that two questions are raised by the record for our decision. *First*, whether a judgment rendered upon a mortgage note, accompanied by an award of special execution for the amount over *only*, rendered in the jurisdiction where the property is situated, can be sued upon as a general judgment in a jurisdiction where the property is not situated, regardless of the fact whether the judgment sued on is a foreign or domestic judgment. *Second*, whether, under the peculiar provisions of the Iowa Code, this judgment could have been enforced as a general judgment in the state of Iowa, without first exhausting the special execution against the property, and, if it could not have been thus enforced in Iowa, could it be enforced here.

Upon a careful analysis of the subject we are constrained to answer both of these questions in the

negative. Laying aside the Iowa statute, the proceeding in which the judgment sued on was rendered was a proceeding in equity to foreclose a mortgage. That clearly appears from the plaintiff's petition in that suit. No personal judgment was warranted in such a proceeding, even though the mortgagor and debtor were identical. A court of equity, says Judge SCOTT in *Riley's Adm'r v. McCord*, 24 Mo. 265, 268, "has no authority to enter such a decree on a bill to foreclose a mortgage. If the mortgaged property will not satisfy the debt, for which it was pledged, the remedy of the party is an action at law for the remainder of it." In *Fithian v. Monks*, 43 Mo. 502, 511, it was held upon a very elaborate review of the law that a personal judgment, rendered in a proceeding *of foreclosure under the statute* against one who was not the mortgagor, but who had assumed to pay the mortgage debt, was void, and that a sale thereunder conveyed no title, and the court declared that the equitable doctrine of subrogation found no place in a statutory proceeding of foreclosure. It will thus appear that, treating the proceeding in Iowa as one in equity, unaffected by the local statute, the court there would have been powerless to render a personal judgment against anyone. In that view of the case the defendant's objection to the Iowa record, as evidence of a personal judgment against him, should have been sustained.

The same result follows, if we examine the provisions of the Iowa Code offered in evidence by the defendant. The proceeding under it is peculiar. It speaks of the proceedings *as equitable*, and yet departs from the equity rule to the extent of warranting a judgment over for the residue, being in that respect similar to the provisions of our own statute. But it warrants a *general judgment for the amount over*

*only.* Nor does the record offered in evidence, taken as a whole, bear the construction that the Iowa court intended to render any other judgment than the one warranted by the express terms of the statute.

Now, a judgment is merely a record contract. Being such, its meaning and effect must be determined by the laws of the state where rendered. The interpretation of that contract affects the question of right and not the question of remedy. The remedy is determined by the laws of the state where the judgment is sued upon. But a judgment, which is special by the laws of the state where rendered, cannot be turned into a general judgment by being sued upon in the courts of another state.

We may know as a result of our general learning on the subject that, under another section of the Iowa Code (section 3664) referred to in *Redfield v. Hart,* 12 Iowa, 355, and *Morrison v. Morrison,* 38 Iowa, 73, the holder of a note secured by a mortgage may obtain a general judgment thereon, with an order to have the lien date back to the date of the mortgage, as far as it affects the property mortgaged. This, however, cannot help the plaintiff's case, as the statute was not offered in evidence, and there is nothing to show that the proceeding was had under the statute. The remedies left open to plaintiff are to either exhaust his remedy under the special judgment first, and sue for the balance as upon a general judgment, or else sue upon the mortgage note. *Wahl v. Phillips,* 12 Iowa, 81; *Deland v. Mershon,* 7 Iowa, 70.

We have examined the many decisions which the commendable industry of counsel on both sides have presented in their briefs for our consideration, but find nothing in any of them to question the soundness of the propositions hereinabove advanced.

It results from the foregoing that the judgment of the trial court must be reversed. So ordered. All concur.