CATHERINE WESTERHOLD, Respondent, v. HENRY BOESE, Appellant.

Kansas City Court of Appeals, January 6, 1896.

Forcible Entry and Detainer: CONSTRUCTION OF ACT: TIME OF SERVICE. The forcible entry and detainer act is complete within itself and does not depend for direction of its proceeding on any other statute; and a summons can be made returnable in as few days as will permit service, at least five days before the return day.

*Appeal from the Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*William Aull* for appellant.

(1) The writ of summons in this case was void because it was made returnable in less than ten days. R. S. 1889, sec. 6145; *Sanders v. Raines*, 10 Mo. 771;

*Williams v. Bowers*, 26 Mo. 601; 12 Am. and Eng.
Encyclopedia of Law, p. 435, and note; *Brandenberger
v. Easley*, 78 Mo. 659; R. S. 1889, sec. 6148; R. S.
1889, secs. 5092, 5094. (2) The law controlling pro-
ceedings before a justice of the peace can not be
implied, but must be expressly given by statute. *Enlow
v. Newland*, 22 Mo. App. 581; *Edwardson v. Kite*, 43
Mo. 176; *McCloon v. Beattie*, 46 Mo. 391; *State v.
Metzger*, 26 Mo. 65; *Hansberger v. Railroad*, 43 Mo.
196; *Shell v. Leland*, 45 Mo. 289; *Iba v. Railroad*, 45
Mo. 469; *Powers v. Blakey*, 16 Mo. 437; *State v. County
Court*, 38 Mo. 402. (3) Justices of the peace are con-
fined strictly to the power and authority given by
statute. Removal to the circuit court by *certiorari*
does not remedy defects. See authorities *supra*. *Ins.
Co. v. Reisinger*, 43 Mo. App. 571; *McQuoid v. Lauch*,
19 Mo. App. 153.

*John S. Blackwell & Son* for respondent.

(1) The only contention on the part of appellant
in this case is that the summons should have been
served on defendant at least ten days before the day of
trial. This contention has no support whatever in the
law. The law of forcible entry and detainer as pro-
vided by chapter 68, article 1, is a complete scheme in
itself and especially enacted and provided for the speedy
recovery of lands and tenements or other possessions
taken with force or strong hands from those in posses-
sion thereof. *Carter v. Tindall*, 28 Mo. App. 316, *loc.
cit.* 319; R. S. 1889, sec. 5094; *Johnson v. Fischer*, 56
Mo. App. 552, at bottom of p. 556; *Hastings v. Hen-
nessey*, 52 Mo. App. 172, at bottom of page 176. (2)
There is no conflict between the special forcible entry
and detainer act and the general law governing justices
of the peace. The general law does not and can not

in any way conflict with, control, modify, or qualify the forcible entry and detainer act. Sutherland on Statutory Construction, section 157, page 211, and authorities cited, also section 217, page 286. (3) The court will find upon examination that not a single authority cited by appellant has any application to the law in this case.

ELLISON, J.—This is an action for unlawful detainer, wherein a summons was issued by the justice of the peace, on the twenty-third day of March, 1894, returnable on the thirtieth day of March, being less than ten days after issuance. The sole point for determination is the legality of a summons, under the forcible entry and detainer act, which is made returnable in less than ten days from the date of issuing. The trial court decided it to be a valid summons and defendant appeals.

It is provided in section 5094, Revised Statutes, 1889, of the forcible entry and detainer act, that the summons shall be served at least five days before the return day. That is all there is in such act which may be said to fix a limit to the time when such summons shall be returnable; that it shall not be returnable in less than five days is apparent from the fact that it shall not be served less than five days before return day. But there is nothing in the act which fixes the maximum limit, nor which directly names the minimum. For this reason defendant contends that the general statute as to practice before justices of the peace applies. By the latter statute, section 6145, it is provided that a summons shall be returnable not less than ten, nor more than seventy-four days from the date thereof. And by section 6148, it is provided that service of such summons must be had at least ten days before the return day, except where it is otherwise provided by law. And

as to service, as before stated, it is otherwise provided in the forcible entry and detainer act, where it is enacted that the service shall not be less than five days. We think the legislature must have meant, when it enacted that five days' service of a summons in forcible entry was sufficient, that the summons could be made returnable in as few a number of days as would permit such service. Furthermore, we have held that the forcible entry and detainer act was complete within itself and did not depend for direction of its proceeding on any other statute. We so held in the matter of appeal and notice thereof: *Carter v. Tindall*, 28 Mo. App. 316; *Hastings v. Hennessey*, 52 Mo. App. 176; and, as to amendments of statement: *Johnson v. Fischer*, 56 Mo. App. 552.

The result is an affirmance of the judgment. All concur.