DANIEL BRENNAN, Respondent, v. JOHN MCMENAMY, Appellant.

St. Louis Court of Appeals, January 10, 1899.

1. **Statutory Construction of Sections 6345 and 6347, Revised Statutes 1889.** Section 6347, Revised Statutes 1889, is remedial and should be liberally construed, but in its construction section 6345, Revised Statutes 1889, should not be lost sight of, but they must be construed together and made to harmonize; when so construed together it is apparent that an account filed before a justice of the peace as the foundation of an action can not be amended on appeal in the circuit court so as to introduce a new cause of action.

2. ———: OMISSION. Unless it appears from the face of the original account filed before the justice, or it is developed on the trial that there is an omission, or that something was intended to be stated, which was not stated, it can not be amended under section 6347, Revised Statutes 1889.

3. **Action at Law:** AMOUNT OF DAMAGES. The amount of damages in an action at law is a very essential statement, and to change the amount by increasing it, is to change a necessary averment, which can not be done in the appellate court on appeal from a justice of the peace, unless the increase is brought about by some amendment allowed under section 6347, Revised Statutes 1889.

4. In the case at bar, the amendment changing the account from $210 in this case to $307.50, changed the identity of the account; changed the cause of action. The identity of the account filed with the justice was destroyed by the amendment allowed in the circuit court, and a new cause of action was introduced in violation of section 6345.

Brennan v. McMenamy.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

REVERSED AND REMANDED.

MARK EWING for respondent.

On appeal from a justice the statement may be amended in the circuit court if such amendment does not change the cause of action, especially where the amendment consists of items which were evidently intended to be included in the original statement. The statute permitting such amendments is to be liberally construed, and it is not error in the trial court to allow such an amendment when it is in the furtherance of substantial justice between the parties. In the case at bar the amendment satisfied all these requirements and was properly allowed. R. S., sec. 6347; Sturgis v. Botts, 24 Mo. App. 282; Heman v. Fanning, 33 Mo. App. 50; Hixon v. Selders, 46 Mo. App. 276; Collins v. Glass, 46 Mo. App. 297; Elliott v. Abell, 39 Mo. App. 355; 48 Mo. App. 476. Every presumption is in favor of the action of the trial court. An appellate court will examine the rulings and declarations of law made below, but it will not disturb the findings as to questions of fact where the facts are controverted and conflicting evidence has been introduced, so long as the verdict is supported by substantial evidence. In the case at bar every material fact was controverted and respondent established his cause of action by sufficient evidence. This, therefore, is not one of those extreme cases where it conclusively appears that the verdict was the result of prejudice or mistake on the part of the jury, and this court must consider that the facts were correctly found in the trial court. Smith v. Zimmerman, 51 Mo. App. 519; Waddell v. Williams, 50 Mo. 216; Spence v. Crow, 47 Mo. App. 321; Tucker v. Railway, 54 Mo. App. 177; Calvert v. Bates, 44 Mo. App. 626; Baker v. Stonebaker, 36 Mo. 345.

FRANK A. C. MACMANUS for appellant.

The objections to filing an amended statement in the circuit court should have been sustained. The same are not waived by answering in this particular proceeding. Boughton v. Railway, 25 Mo. App. 10; Maupin v. Triplett, 5 Mo. 422-424; McGee v. Laramore, 50 Mo. 425; R. S., sec. 6347; Wehringer v. Ahlemeyer, 23 Mo. App. 278. "While the law does not require positive proof, it does require such proof as will leave no reasonable doubt of the existence of the fact or facts upon which the verdict must rest." The judgment is grossly excessive. Peck v. Railway, 31 Mo. App. 123. This cause was manifestly understood by the jury and their verdict was based upon a misconception of the whole evidence. Under such circumstances an appellate court will interfere. Hamil v. England, 57 Mo. 110; Garrett v. Greenwell, 92 Mo. 120. The motion for a new trial should have been sustained. Clark v. Fairly, 30 Mo. App. 335; Spohn v. Railroad, 87 Mo. 84. Defendant's objection to the evidence on pages 12, 16, 17, 25, 26, 70, 71, 77 and 80 of bill of exceptions should have been sustained. The instruction given for plaintiff is predicated upon facts which the evidence does not sustain. It is not based upon the issues made by the pleadings. This, coupled by the remarks made by trial judge during the trial, was prejudicial error. Skinner v. Stifel, 55 Mo. App. 12; Walsh v. St. Louis Drayage Co., 40 Mo. App. 339; Brownfield v. Ins. Co., 26 Mo. App. 390. The burden of proof was upon plaintiff to disprove, by clear and conclusive evidence, the *prima facie* case made by the certificate of acknowledgment on the various deeds offered in evidence. Ray v. Crouch, 10 Mo. App. 321. Notes secured by deed of trust belong to the person named as beneficiary in the deed, and such presumption can only be overcome by the clearest proof. Gimbal v. Piguero, 62 Mo. 240.

BLAND, P. J.—Plaintiff commenced his suit before a justice of the peace in the city of St. Louis on the following account:

"John McMenamy, 3129 Easton avenue.

"To Daniel Brennan, Dr.

| | |
|---|---:|
| "To cash charged against me in account given me of distribution of proceeds of sale of my house, 4451 North Market street, and none of which I received from you...................... | $160.00 |
| To amount illegally charged for commissions upon sale of said house........................ | 40.90 |
| To overcharge on purchase money, or as called for in account, "earnest money".................. | 10.00 |
| | $210.00 |

On a trial before the justice the plaintiff recovered a judgment for $110, from which defendant appealed to the circuit court, where, over the objections of the defendant, the plaintiff was permitted to file an amended account, in words and figures following:

"John McMenamy, to Daniel Brennan, Dr.

| | |
|---|---:|
| To cash charged me in account given me of distribution of proceeds of sale of my house, No. 4451 North Market street, more than I received from you................................ | $252.50 |
| Amount illegally charged for commissions upon sale of said land............................ | 40.00 |
| Overcharge on purchase money, or as called for in account, "earnest money".................. | 15.00 |
| | $307.50 |

Defendant objected and excepted to the amendment.

A trial was had on the amended account as filed in the circuit court, which resulted in a judgment for the plaintiff for $307.50. From this the defendant duly appealed to this court.

1. The important question for our consideration is, did the amendment change the cause of action filed before the justice?. By a comparison of the two accounts it will be seen that there is no change in the items stated in the account filed before the justice, nor any new item added thereto, but that the amount of the first item stated in the account is increased from $160 to $252.50, and that the third and last item is increased from $10 to $15, thus increasing the total account sued on $97.50, and the amount recovered in the circuit court is $97.50 in excess of the amount sued for in the justice's court. Section 6345, Revised Statutes 1889, concerning appeals from justices courts, provides that "on appeal the same cause of action, and no other, that was tried before the justice, shall be tried before the circuit court." * * * Section 6347, concerning the same subject, provides that "in all cases of appeal, the bill of items of the account sued on or filed as a counterclaim or set-off * * * may be amended upon appeal in the appellate court, in the following instances:

I. To supply any defect or omission therein, when by such amendment substantial justice will be promoted.

II. A *new item* not embraced, but *intended* to be included in the original account may be added. I concede that this section (6347) is remedial and should be liberally construed, but in its construction section 6345 should not be lost sight of; the two sections should be construed together, and be made to harmonize. When so construed it is plainly apparent that an account filed before a justice of the peace as the foundation of an action can not be amended on appeal in the circuit court so as to introduce a new cause of action. Gregory v. Railroad, 20 Mo. App. 448; Nutter v. Houston, 42 Mo. App. 363; Evans v. Railroad, 67 Mo. App. 255; Webb v. Tweedie, 30 Mo. 488; Hansberger v. Railroad, 43 Mo. 196. The amendments made in the appellate court of the original account filed before the justice in this suit.

were not to supply omissions, for there were none to be supplied; the items, except as to amounts, are identical in both the original and amended accounts, and each item is complete in itself; nor can it be said from anything appearing on the face of the original account, that the amendments were made to state amounts which were intended to be stated, but omitted, in the original account; on the contrary the negative of this proposition is apparent. Unless it appears from the face of the original account filed before the justice, or it is developed on the trial that there is an omission, or that something was intended to be stated, which was not stated, it can not be amended under section 6347, *supra*. Gregory v. Railroad, *supra;* Sturges v. Botts, 24 Mo. App. 282; Evans v. Railroad, *supra*. It can not therefore be said that the amendment is expressly allowed by the above section (6347). I concede, however, that if the amendment does not change the cause of action, it is not prohibited. Seemingly this precise question has been decided both ways by this court. In Elliott v. Abell, 39 Mo. App. 349, a case of forcible entry and detainer, the plaintiff on appeal from a justice's court, was permitted in the circuit court to amend his complaint, by inserting $600 in the *ad damnum* clause instead of $100, the amount claimed before the justice. On appeal to this court, in passing on the permissibility of this amendment, the court said that "it in no way changed the cause of action, and the continuance of the litigation made it necessary." This ruling was followed by this court in Lucas v. Fallon, 40 Mo. App. 551, another forcible entry and detainer case, and by the Kansas City Court of Appeals in Hixon v. Selders, 46 Mo. App. 276, also a forcible entry and detainer case. No discussion whatever is made in any of these cases of the statute of amendment (sec. 6347), nor was any reference made to the cases cited below holding that such an amendment in an ordinary action is not allowable; the question of the permissibility of the amendments

is not discussed at all in any of the above cases. These cases, however, were correctly decided, not for the reason stated in the Elliott case, but for the reason that forcible entry and detainer is a statutory and extraordinary remedy, and not governed by the statute of general procedure (Carter v. Tindall, 28 Mo. App. 316; Johnson v. Fischer, 56 Mo. App. 552; Westerhold v. Boese, 64 Mo. App. 280), and should be distinguished from an ordinary action at law. Section 5092 of the forcible entry and detainer act, concerning the complaint that shall be filed, does not require that the amount of the damages shall be stated, and it is unnecessary that any should be stated. Moore v. Dixon, 50 Mo. 424; Hixon v. Selders, 46 Mo. App. loc. cit. 277. The damages in this character of case are not confined to such as accrued prior to the commencement of the suit, but are continuing and accumulate from day to day during the litigation, and should be estimated down to the day of the trial. R. S. 1889, sec. 5108. It is therefore impracticable, or perhaps in many cases impossible, for the complainant to lay the true amount of damages he should recover when he begins his suit. The amount of damages being an unnecessary and nonessential statement, it may, like any other immaterial or unnecessary averment in a pleading, be stricken out, or amended at any state of the proceeding without affecting the cause of action. But not so with the amount of damages in the *ad damnum* clause of ordinary actions at law; in these if no damages are stated, none can be recovered, Maupin v. Triplett, 5 Mo. 422; Moore v. Dixon, *supra,* and hence where no amount of damages is alleged no cause of action is stated. The amount of damages is therefore a very essential statement, and to change the amount by increasing it, is to change a necessary averment, which I do not think can be done in the appellate court on appeal from a justice of the peace, unless the increase is brought about by some amendment allowed under section

6347, and this court so held in Wehringer· v. Ahlemeyer, 23 Mo. App. 277; and in Boughton v. Railway, 25 Mo. App. 10, which I nowhere find expressly overruled, nor so by implication, on a fair analysis of the cases which seemingly announce a different rule. In Sprague v. Follett, 90 Mo. 547, the plaintiff, on appeal from a justice of the peace, was allowed in the circuit court to amend his account for flour sold the defendant, consisting of some thirty items, by adding a new item of $31.75 for flour sold, because as the court said, it was his evident purpose to sue for the whole of the flour sold defendant. This amendment was clearly permissible under section 6347, as it is therein expressly provided for. In Heman v. Fanning, 33 Mo. App. 51, it was correctly held that an account filed before a justice of the peace for suit which was inartificially drawn and confused in the statement of items, might be amended in the circuit court on appeal, when it was apparent that the matter introduced by the amendment was intended to be stated in the original account, but the learned judge who wrote the opinion of the court traveled outside the record, and in substance makes the broad statement, that when a case reaches a circuit court by appeal from a justice of the peace, the same amendments can be made as if the case had originated in the circuit court. A petition which on demurrer may be held bad in whole or in part, may be amended; in other words, a petition may be filed in the circuit court which fails to state a cause of action and amended by filing a petition which does state a cause of action. R. S. 1889, sec. 2066. A complaint filed before a justice of the peace, which wholly fails to state a cause of action, and which fails to show that facts were intended to be stated which, when fully and intelligently stated, still fail to state a cause of action, can not be amended on appeal in the circuit court, so as to introduce for the first time a cause of action, without over-

riding section 6345, and overruling the following cases: Brashears v. Strock, 46 Mo. 221; Peddicord v. Railroad, 85 Mo. 160; Swartz v. Nicholson, 65 Mo. 508; Rosenburg v. Boyd, 14 Mo. App. 429. The section (6345) concerning appeals from justices courts applies the common law rule of amendments except as it is qualified by the latter clause of the section and by section 6347. At common law and in states where the common law rule prevails, it is well settled that an amendment of a declaraton is not allowable, unless there is something to amend by. Nelson v. Baker, 3 McLean, 397; Johnson v. Mayrant, 1 McCord, 484; Bailey v. Parmer, 5 Ark. 208; Phinney v. Phinney, 17 How. Pr. 197; Smith v. Pelton, 15 Pick. 446; Railroad v. Smith, 49 Me. 9; Simpson v. Railroad, 66 Ala. 85; Smith v. Railroad, 84 Ga. 183. An ordinary judgment at the law is a record contract for the payment of money, Smith v. Moore, 53 Mo. App. 525, and the object of an ordinary suit at law is to obtain such a contract of record. The plaintiff in this suit sought to obtain before the justice such a contract for the payment of $210; in the circuit court he amended his complaint and sought to establish a contract of record for the payment of $307.50 and succeeded. A contract for the payment of $210 is not the same as a contract for the payment of $307.50; an account for $210 is not the same account as one for $307.50, although the items may be identical in all respects, except as to the amounts. The amendment changing the account from $210 in this case to $307.50, changed the identity of the account; changed the cause of action, and this change could not be cured by calling the larger an amendment of the smaller account. The identity of the account filed with the justice was destroyed by the amendment allowed in the circuit court, and a new cause of action was introduced in violation of section 6345.

II. Appellant as one of the grounds for new trial sets forth in his motion surprise and discovery of new and

important evidence. An examination of the record has failed to disclose any affidavit, or affidavits, in support of this ground. In the absence of any evidence to support it, we are unable to pass on the merits of this ground for a new trial, or to say that the trial court erred in overruling the motion. Assignments of error are made on account of alleged error in the admission of testimony. We discover no prejudicial error on this account, nor any in the giving or refusing of instructions. For the error pointed out in the first paragraph of this opinion, the judgment is reversed and the cause remanded. Judge Bond concurs; Judge Biggs dissents.