Powell v. Shipps.

---

J. R. POWELL, Respondent, v. E. F. SHIPPS, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. **Justices' Courts**: AMENDMENT ON APPEAL: CHANGING CAUSE OF ACTION. A statement filed with the justice was for a balance due on account. On the return day it was amended by adding an item for the collection of a note due plaintiff. On appeal

in the circuit court an amended statement omitted the first item entirely and retained the second with the allegation that he had collected the note and converted the same to his own use. Held, the amendment was a change of the cause of action and inadmissible.

2. **Trial Practice:** STRIKING OUT STATEMENT: WAIVER. Though defendant appeared to the amended statement in the justice court, he did not thereby waive his right to object to the further amendment in the circuit court. And as he refused to go to trial thereon, he did not waive his right to object in the appellate court.

Appeal from the Grundy Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED AND REMANDED.

*O. G. Williams* for appellant.

(1) This last amendment of the plaintiff's cause of action is a complete abandonment of the original, both as to the form of action and subject-matter, and was improperly allowed. The recovery being had on an entirely new matter and of a different nature. Sturges v. Botts, 24 Mo. App. 282; Edmonson v. Kile, 43 Mo. 176; Penninger v. Reilley, 44 Mo. App. 255; Price v. Railroad, 40 Mo. App. 189; Bank v. McMenamy, Adm'r, 35 Mo. App. 206. (2) The court having sustained a motion to strike out the former statement, an amendment should not be allowed on a pleading that has been "abandoned, stricken out, or ruled out of consideration in the case." Renfro v. Prior, 22 Mo. App. 403, 408. (3) The same cause of action must be tried in the circuit court, on appeal, that was tried in the justice court. R. S. 1899, sec. 4077; Boughton v. Railroad, 25 Mo. App. 10; Brennan v. McMenamy, 78 Mo. App. 122; Gregory v. Railroad, 20

Mo. App. 448; Nutter v. Houston, 42 Mo. App. 363; Evans
v. Railroad, 67 Mo. App. 255; Webb v. Tweedie, 30 Mo.
488; Hansberger v. Railroad, 43 Mo. 196.

*O. G. Bain* for respondent.

(1) The court did not commit any error in this case
but tried it on correct theory of the law.    When the defend-
ant appeared voluntarily in court and submitted the cause to
a hearing, it is afterwards too late for him to object for the
first time to the regularity of the previous proceedings.
Smith, Adm'r v. Monks, 55 Mo. 106. (2) Defendant Shipps
waived all objections to the amendment of plaintiff's account
by proceeding to trial in the justice court upon the merits of
the case, instead of standing upon his objection.   Cofer v.
Riseling, 153 Mo. 633; Fuggle v. Hobbs, 42 Mo. 537; Coff-
man v. Walton, 50 Mo. App. 404; Anderson & Co. v. Stapel,
80 Mo. App. 115; Ward v. Pine, 50 Mo. 38; Sauter v.
Leveridge, 103 Mo. 615, 621; Ely v. Porter, 58 Mo. 158;
Gale v. Foss, 47 Mo. 276; Spurlock v. Railway, 104 Mo.
658; Sims v. Field, 24 Mo. App. 557; Ragan v. Railway, 111
Mo. 456, 460; Hurley v. Railway, 57 Mo. App. 675; Scovill
v. Glasner, 79 Mo. 449; Silver v. Railway, 21 Mo. App. 9;
Lawless v. Lawless, 39 Mo. App. 539.    (3) The fact that
defendant appeared and pleaded to the merits of the facts in
issue constitutes a waiver of any informality or irregularity
in the pleadings.   Scovill v. Glasner, 79 Mo. 449; Fuggle
v. Hobbs, 42 Mo. 541; Ely v. Porter, 58 Mo. 158; Thompson
v. Railway, 80 Mo. 521; School Dist. v. Wallace, 75 Mo.
App. 317; Paddock v. Somes, 102 Mo. 235; Elfrank v.
Seiler, 54 Mo. 134; Thompson v. School Dist., 71 Mo. 495.
(4) Even if the amendment is a clear departure, and alto-
gether a new cause of action from the one alleged in the

original complaint, yet when the defendant went to trial on the amended account and the issues which were raised by it, he waived all objections which he might have had to the propriety of allowing the amendment. Scovill v. Glasner, 79 Mo. 449; Lawless v. Lawless, 39 Mo. App. 539; Hill v. Morris, 21 Mo. App. 256; Hamlin v. Carruthers, 19 Mo. App. 567; Hurley v. Railway, 57 Mo. App. 675.

GILL, J.—In January, 1898, plaintiff sued the defendant before a justice of the peace for $11.50 an alleged balance for a set of harness, the statement on its face showing the goods to have been sold June 21, 1892. Defendant appeared before the justice and filed a motion, stating that the account was on its face barred by the statute of limitations and asked judgment for his costs. Thereupon the plaintiff filed the following amended statement:
"E. F. Shipps to J. R. Powell Dr.
1892 June 21st balance on harness................$11.50
1894 Note collected from Winfield Wilson........ 13.50

    Total ........ ..... ........ ......$25.00."
To this amended acount or statement defendant again objected before the justice for the same reason as before that the first item was barred by the statute and that the second matter was the attempted statement of an entirely new and separate cause of action. The justice however heard the case, rendered judgment for plaintiff, and defendant appealed to the circuit court where defendant filed his motion to strike out said amended statement and for the reasons urged before the justice, to-wit: that the first matter was no cause of action, being barred by the statute of limitations, and that the second was not an amendment but an entirely new cause of action. The circuit court sustained this motion and struck out the so-

called amended statement. The plaintiff then filed the following second amended statement (omitting the caption):

"Trenton, Mo., Oct. 10th, 1898.

"E. F. Shipps, Dr. to J. R. Powell, Nov. 3, 1894 to $13.25, being the amount of a note assigned to said Shipps for collection, and against Winfield Wilson, which said note was by the said Shipps so collected on the 3d day of November, 1894, and converted to his own use and not turned over to the said J. R. Powell."

Defendant again moved to strike this out on the ground that it was an abandonment of the cause of action sued on and the attempted substitution of a new and different one. But the circuit court overruled the motion, and over the defendant's objection proceeded to hear the evidence and entered judgment for plaintiff from which the defendant appealed to this court.

I. The matter here for our review relates to the action of the circuit court in permitting the plaintiff to amend his statement as last above indicated. In our opinion, the court committed error. The plaintiff was allowed to abandon altogether the cause of action originally set up, and on which the defendant was summoned, and to substitute an entirely different matter of complaint. The defendant was brought into court to answer the charge that he owed plaintiff for an alleged balance on account for some harness sold and delivered in the year 1892. In the circuit court plaintiff abandoned this matter and substituted an entirely different cause of action, to-wit: that defendant had at some time in 1894, collected a certain note belonging to the plaintiff and had wrongfully converted the proceeds to his (defendant's) own use. The statute is quite liberal in allowing the amendment of statements filed before justices of the peace, but it has never been held that an entire change of causes of action could be

wrought by an amended statement in the circuit court where the action is taken by appeal. The statute expressly prohibits this. Such statements "may be amended upon appeal in the appellate court to supply any deficiency or omission therein, when by such amendment substantial justice will be promoted; but no new item or cause of action not embraced or intended to be included in the original account or statement shall be added by such amendment." Sec. 6347, R. S. 1889. On the authority of this statute such amendments as attempted here have been repeatedly disallowed. Gregory v. Railway, 20 Mo. App. 448; Sturges v. Botts, 24 Mo. App. 282; Brennan v. McMenamy, 78 Mo. App. 122, and cases cited.

There is no merit in the suggestion by plaintiff's counsel that defendant waived his rights to object to such unwarranted amendment by appearing in the justice's court at the trial on the first amended statement. We have nothing to do now with this first amended statement; it was on the defendant's motion filed in the circuit court, stricken out and the plaintiff submitted to the court's action without objection. Thereafter the case stood with the original or first statement filed when the suit was commenced just as if no first amended statement had ever been filed. The question is, did the circuit court correctly allow plaintiff to file the last statement which sought to abandon the cause of action sued on and then remaining in the case and to substitute an entirely new and different one. To this last amendment defendant all the time objected and refused to go to trial thereon; he did not therefore waive his right to question the propriety thereof.

The judgment must be reversed and cause remanded. All concur.